47485. FULTON v. THE STATE.

PANNELL, Judge. Appellant was indicted and tried for murder, convicted of voluntary manslaughter, and sentenced to a term of fifteen years in the penitentiary. He appeals the conviction and sentence and the overruling and denial of a motion for new trial.

A recitation of the factual situation is unnecessary for a determination of the issues raised by the appellant. Suffice it to say that a dispute arose concerning the number of cards dealt one of the parties in a card game. The deceased left the house and was followed by the defendant-appellant who had a gun in his hand. Outside the house the gun fired and the bullet struck the deceased almost directly between the eyes, resulting in his death.

The enumerations of error, not abandoned, will be treated seriatim.

1. Appellant alleges that the court erred in failing to fully instruct the appellant on the law relating to the making of an unsworn statement, when, at the request of retained counsel he instructed the defendant: "Mr. Fulton, you have a right to make to the court and jury such statement as you see fit in your own behalf. You are not under oath. You are not subject to cross examination but you have a right to say to the jury whatever you deem appropriate in your own behalf." This instruction substantially complies with so much of *Code* § 38-415 as pertains to an unsworn statement. No request was made at trial for advice on a sworn statement. The defendant made his unsworn statement when represented by competent retained counsel and is assumed to have done so after consultation with and upon advice of counsel. *Abrams v. State*, 223 Ga. 216 (5), 222 (154 SE2d 443).

2. Appellant alleges the court erred when it charged the jury: "The law presumes every killing to be malicious until the contrary appears." This instruction was approved by the Supreme Court in *Fisher v. State*, 228 Ga. 101 (184 SE2d 178). The jury having found voluntary

manslaughter, any error in such an instruction would be harmless. *May v. State,* 120 Ga. 135 (47 SE 548); *Ingram v. State,* 26 Ga. App. 233 (105 SE 727).

3. Appellant alleges the court erred when the trial judge said to the appellant in the presence of the jury: "You make whatever statement to the jury that you deem appropriate in your own behalf. You are not restricted. Your lawyer can take care of you in a fine way. You don't have to worry."

The judge's statement was in response to defendant's query, "Am I right in saying this or should I not say it?" to which retained counsel responded "Yes, sir."

The judge's statement was in no way argumentative. In *Kellar v. State,* 226 Ga. 432 (3) (175 SE2d 654), where an argumentative exchange was involved, the Supreme Court held that if the defendant precipitated the colloquy himself, he cannot claim that it prejudiced his case, especially since, as in the case sub judice, no objection or motion was made to the judge's response. The judge's reference to retained counsel was laudatory and not derogatory.

4. Appellant alleges the judge erred in not determining the question of voluntariness of the appellant's statement to Detective Arnold; further, the judge should have determined the question of voluntariness out of the presence of the jury.

Appellant's attempt to raise this issue for the first time on appeal has no sanction under *Turner v. Smith,* 226 Ga. 448 (7) (175 SE2d 653); *Roberts v. State,* 228 Ga. 298 (1) (185 SE2d 385). In the absence of an objection during the course of the trial and in view of the testimony concerning the "in custody" statements, a separate hearing under Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908, 1 ALR3d 1205) was not required. *Watson v. State,* 227 Ga. 698 (1) (182 SE2d 446); *Harris v. Stynchcombe,* 227 Ga. 763 (1) (183 SE2d 205); *Fountain v. State,* 228 Ga. 306, 309 (185 SE2d 62). However, we have reviewed the transcript of testimony and find that Detec-

tive Arnold did advise the accused concerning his constitutional rights against self-incrimination, and further find that there is no evidence of unlawful compulsion to make a statement.

5. Appellant alleges the court erred in excusing certain jurors because they were conscientiously opposed to capital punishment.

Appellant was not sentenced to death (15 years), therefore, the effect of the U. S. Supreme Court decision in Witherspoon v. Illinois, 391 U. S. 510 (88 SC 1770, 20 LE2d 776) makes such action, at most, harmless error. Bumper v. North Carolina, 391 U. S. 543 (88 SC 1788, 20 LE2d 797). The Supreme Court of Georgia has consistently and repeatedly held, "Where the sentence imposed in a capital felony case is not a death sentence, it is no ground to set aside such sentence that prospective jurors who were opposed to capital punishment were excluded from service." *Wallace v. State,* 225 Ga. 734 (171 SE2d 290); *Brown v. State,* 226 Ga. 114, 115 (172 SE2d 666); *Massey v. State,* 226 Ga. 703 (7) (177 SE2d 79), cert. den. 401 U. S. 964 (91 SC 984, 28 LE2d 248); and *Fountain v. State,* 228 Ga. 306 (2), supra.

We find no merit in any of the allegations of error. Accordingly, the judgment is

*Affirmed. Hall, P. J., and Quillian, J., concur.*
ARGUED SEPTEMBER 12, 1972—DECIDED DECEMBER 5, 1972.

*Stanley H. Nylen,* for appellant.
*Lewis R. Slaton, District Attorney, Donald Frost, Carter Goode, Joel M. Feldman, Morris Rosenberg,* for appellee.