## 48492. SMITH v. THE STATE.

QUILLIAN, Judge. Marvin Smith was indicted and tried for the offense of aggravated assault upon the person of Michael Gentry. Prior to the trial a motion to suppress was filed by the defendant. The motion sought to suppress the testimony of Michael Gentry relative to his identification of the defendant. This motion was denied by the trial judge. The case came on for trial before a jury which found the defendant guilty and fixed his sentence at ten years. Subsequently, a motion for new trial was filed and an amendment thereto. The motion as amended was overruled by the trial judge and appeal taken to this court.

In this court it is contended that the trial court erred in refusing to grant the defendant's motion to suppress Michael Gentry's identification of the defendant and in admitting the testimony of that witness with regard to such identification; and that the court erred in refusing to grant a mistrial because the district attorney mentioned a companion case in his opening statement. *Held:*

1. It is urged at length that photographs displayed to the witness Michael Gentry constituted an impermissible suggestion as to the identification of his assailant. However, as the evidence reveals, Michael Gentry testified that he knew his assailant and had been familiar with him for 4 months prior to the assault. The evidence adduced was ample to show that the identification made by Michael Gentry was not influenced by the photographs which were sent and shown to him, but instead his identification had an independent origin. For cases dealing with this, see: *Butler v. State,* 226 Ga. 56 (172 SE2d 399); *Ford v. State,* 227 Ga. 279 (180 SE2d 545); *Carmichael v. State,* 228 Ga. 834 (188 SE2d 495); *Powers v. State,* 126 Ga. App. 113 (189 SE2d 893); *McKenzey v. State,* 127 Ga. App. 304 (193 SE2d 226).

The evidence offered failed to demand a finding that there was a violation of the rule set forth in United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149); Gilbert v. California, 388 U.

S. 263 (87 SC 1951, 18 LE2d 1178); Stovall v. Denno, 388 U. S. 293 (87 SC 1967, 18 LE2d 1199). See also Simmons v. United States, 390 U. S. 377 (1a) (88 SC 967, 19 LE2d 1247), which held: "Each case involving pretrial initial identification by photographs must be considered on its own facts; and convictions based on eyewitness identification at trial following such pretrial identification will be set aside on the ground of prejudice only if the pretrial identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification."

2. After the opening statements of counsel the following colloquy took place: "Mr. Haygood: At this point, I move the court for a mistrial of this case on the grounds of certain remarks made by the district attorney. In his opening remarks to the jury, Mr. McGarity made certain remarks relative to the companion case of The State v. Katrina Gentry, which was tried yesterday and I feel like this was highly prejudicial to our trial of this case and a mistrial ought to be granted. Mr. McGarity: I think the record ought to show what was said, that I made the statement that a companion case had been disposed of on yesterday and that this defendant was on trial now. Mr. Haygood: I feel like any reference to the companion case, at that time, was grounds for mistrial and so move the court. By the Court: The court will overrule the motion for a mistrial."

It is well settled that absent a showing of the context in which alleged prejudicial remarks were made this court cannot determine whether remarks were prejudicial to the defendant and thus whether error was committed. See *White v. State,* 118 Ga. App. 515 (2) (164 SE2d 158); *Pace v. State,* 121 Ga. App. 251, 252 (1) (173 SE2d 464). Here, a mere statement by the solicitor "that a companion case had been disposed of on yesterday and that this defendant was on trial now" without more would not constitute error harmful to the defendant. Since this is all that we can consider on the record now before us, this ground is without merit.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*

ARGUED SEPTEMBER 11, 1973 — DECIDED NOVEMBER 30, 1973 — REHEARING DENIED DECEMBER 17, 1973.

*Clarke & Haygood, Larry P. Lynch,* for appellant.
*Edward E. McGarity, District Attorney,* for appellee.