## 49182. BLACKBURN v. THE STATE.

DEEN, Judge.

Defendant was convicted of voluntary manslaughter under an indictment for murder and was sentenced to eight years imprisonment, and from this brings his appeal.

A maroon Dodge driven by Little, with Everett and Blackburn as passengers, pulled in front of a green GTO automobile driven by Louise Maddox with Johnny Maddox, Norman Maddox and the deceased Homer Paul Maddox, Jr., all passengers in the latter car. It was late at night and most parties had been drinking. Blackburn was sworn as a witness and stated at the time he got in Phillip Little's car, the two boys were hollering from the

other car and shooting birds. Phillip Little pulled around them, said something back to them and went on down the street; they went on down the street and Phillip stopped the car and two men got out of the other car and walked down in front of the Little automobile. The deceased walked down the sidewalk and told appellant to get out of his car. Appellant paid attention to the one cursing him and does not know where the other one was standing. Appellant says he told him to get out of the car. Appellant asked him was he talking to him. He told appellant to get out of the car he was going to whip him. Some words were exchanged and Blackburn finally started to open the door and he was standing there and then he came up with a chrome plated .38 pistol and pointed it at Blackburn's head. Profanity was exchanged and the evidence was in conflict as to which one was going to whip the other. Evidence showed the deceased either had a gun on the hood of the car or in his hand. Blackburn testified, "I turned around and grabbed my brother in law—my brother in law has got a pistol about the same as the one the man pointed at me and I had put it on the console because it was sliding in the floorboard and I was scared it was going to go off and I grabbed the gun off the console and turned around and shot."

1. It was not error to admit, over objection, evidence that Little had a gun prior to the incident. This testimony was admitted on the basis that it would be later connected up, however, no motion or subsequent objection was made. *Wooten v. State,* 224 Ga. 106, 107 (4) (160 SE2d 403).

2. Conversation between the deceased and Norman Maddox within a short distance of defendant and moments before the shooting is admissible. *Brawner v. State,* 221 Ga. 680 (7) (146 SE2d 737).

3. Appellant complains of error in failure to direct a verdict of acquittal, upon motion at the conclusion of the state's evidence because of lack of identification of defendant. This enumeration is without merit as the testimony is ample in this respect. Further defendant later under oath stated that he shot deceased.

4. Defendant advances his strongest argument in enumeration of error numbers 4 and 5, contending error

in permitting the district attorney to comment on his failure to call Everett and Little as witnesses, particularly as these two witnesses were listed on the indictment as witnesses who appeared before the grand jury that returned the indictment. The district attorney may sometimes draw an inference of fact from the failure to produce witnesses referred to by defendant in his defense, but this is far from the question here. Assuming arguendo the comments made by the district attorney to be prejudicial and to be error, the court gave certain instructions to the jury, and no motion for mistrial having been made no basis for reversal exists. *Grice v. State,* 224 Ga. 376 (1) (162 SE2d 432).

5. Enumerations of error 6, 7, 8 and 9 contend error in charging on voluntary and involuntary manslaughter, in connection with self-defense and in charging a presumption of malice may arise from a reckless disregard for human life. As to the latter, this error, if any would be harmless as defendant was acquitted of murder when convicted of voluntary manslaughter. *Fulton v. State,* 127 Ga. App. 711 (2) (194 SE2d 615). The same rule applies as to any alleged error on involuntary manslaughter. *Smith v. State,* 8 Ga. App. 680 (2) (70 SE 42). We have reviewed the court's charge applicable to self-defense and voluntary manslaughter as well as voluntary manslaughter in a mutual combat which was given in the language of the statute, was not misleading and was authorized by the evidence. We find no reversible error here.

6. Enumerations of error 10, 11 and 12 complain of the limitation of the right of cross examination and the trial court's improper comment upon the evidence. As to the latter the trial judge may state his recollection as to some portion of the testimony without prejudice to the defendant. *Aronoff v. Woodard,* 47 Ga. App. 725 (9) (171 SE 404). We have reviewed the voluminous record and do not feel defendant's right to a thorough and sifting cross examination was limited.

*Judgment affirmed. Stolz and Webb, JJ., concur.*

Submitted April 2, 1974 — Decided April 9, 1974 — Rehearing denied April 24, 1974 — ▮▮▮▮▮▮▮▮

*Gilbert, Wilkerson & Hill, Fred A. Gilbert,* for appellant.

*Lewis R. Slaton, District Attorney, Carter Goode, Donald Frost, Morris H. Rosenberg,* for appellee.