## 28764. SMITH v. THE STATE.

SUBMITTED MARCH 25, 1974 — DECIDED APRIL 16, 1974.

*W. J. Stanley,* for appellant.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Morris H. Rosenberg, Thomas W. Hayes, Arthur K. Bolton, Attorney General, Robert S. Stubbs, Executive Assistant Attorney General, Richard L. Chambers, William F. Bartee, Jr., Assistant Attorneys General,* for appellee.

NICHOLS, Presiding Justice.

Two enumerations of error complain of the failure of the trial court to instruct the jury that the burden was on the defendant to prove by a preponderance of the evidence the truth of the defenses (insanity and justification) and that the failure to so charge resulted in the jury being instructed that the defendant must prove such defenses beyond a reasonable doubt since the only charge as to burden of proof dealt with the burden of the state to prove the defendant's guilt beyond a reasonable doubt. This contention is without merit. The trial court properly instructed the jury that the burden was on the state to prove the defendant's guilt beyond a reasonable doubt, and that unless the jury found from the evidence that the state had proved the defendant's guilt beyond a reasonable doubt it would be the duty of the jury to acquit. The jury was so instructed on at least six occasions during the course of this charge. The jury was also instructed, as to insanity and justification, if they believed from the evidence [not the state's or the defendant's but from the evidence presented] that either situation existed the defendant should be acquitted. Accordingly, at no point in the course of the court's instruction was the burden of proof shifted from the state to the defendant by the charge.

Both the state and the defendant rely upon the recent decision in *Grace v. State,* 231 Ga. 113 (200 SE2d 248). While the majority opinion in that case would

authorize a charge on the "preponderance of the evidence" to support such defenses, yet it does not require such a charge. Under the dissents in that case such a charge as contended for by the defendant would have been error.

■ The defendant contends that after charging generally that a killing is justified in defense of the defendant or a third person the trial court limited such instruction in this case to defense of the defendant only and thus eliminated any justification for the homicide in defense of the woman living with the defendant or the three children who were asleep in the apartment.

The defendant, who testified under oath, related the events leading up to the time when the deceased left the apartment, which testimony was in material part the same as that adduced by the state.

After the victim left the apartment the defendant followed him and the encounter took place which left the victim dead as a result of the shotgun blast.

Code Ann. § 26-902 (a) provides: "A person is justified in threatening or using force against another when and to the extent that he reasonably believes that such threat or force is necessary *to defend himself or a third person against such other's imminent use of unlawful force;* however, a person is justified in using force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent death or great bodily injury to himself or a third person, or the commission of a forcible felony." (Emphasis supplied.)

Prior to the time the victim left the apartment a knife had been taken from him at gun point. With the removal of his weapon the *imminent danger* had passed. As the defendant testified, he followed the victim from the apartment because he was afraid the victim or his friends would *later* return to the apartment. Then when he caught up with the victim he shot because the victim "drawed back with his right, I couldn't tell what it was, but there was a reflection, I could see something in his hand and that is when he came down with it."

At the time of the shooting the only *imminent danger*, if such danger existed, was to the defendant and

not to any third person. The court's instruction was not error. Compare *Morton v. State,* 190 Ga. 792, 802 (10 SE2d 836) and citations.

■ The evidence authorized the verdict and the trial court did not err in overruling the defendant's motion for new trial for any reason enumerated.

*Judgment affirmed. All the Justices concur.*