## 52184. COPELAND v. THE STATE.

PANNELL, Presiding Judge.

The defendant was indicted for murder and convicted of voluntary manslaughter. He appeals the judgment of conviction.

The evidence shows that the defendant separated from his wife in the fall of 1974. Mrs. Copeland dated the deceased, Larry Davenport, for several weeks following her separation from the defendant. The defendant and Mrs. Copeland were finally divorced on October 27, 1974.

On the day following their divorce, the defendant called Mrs. Copeland from a pool room; Mrs. Copeland was at work in a carpet mill. The deceased also worked at the mill and knew that the defendant had called Mrs. Copeland. The deceased "acted like his head was on fire"

and left the mill; he stated "I will stop the sonofabitch." Mrs. Copeland then informed the defendant "that he had better get out of the pool room because Larry Davenport was on his way to get him."

The defendant testified that he left the pool room because he was afraid that Davenport would kill him. He said that he was heading back to work in the direction of his brother's place of business when he saw Davenport's truck. Davenport began following the defendant and bumped defendant's car with his truck. The defendant pulled into his brother's parking lot; Mr. Davenport got out of his truck and walked rapidly toward the defendant's car. The door of the defendant's car was opened by either Davenport or the defendant. The defendant then shot Davenport in the chest. Davenport grabbed his shoulder, turned around, and started back toward the truck. The defendant then stepped from his vehicle and fired a second shot into the back of the deceased's head.

There was testimony showing that the defendant and the deceased had threatened to kill each other on several prior occasions.

1. The defendant was tried previously for this same offense; the prior prosecution resulted in a mistrial. Upon the first trial of the case, the state introduced a diagram of the scene where the homicide in question took place. Mr. Pumley, a witness to the shooting, testified from the diagram at the earlier trial.

Upon the present trial of the case, it was discovered that the diagram was missing. The defendant objected to Mr. Pumley's testifying in the absence of the diagram. Defense counsel argued that Mr. Pumley had placed an "X" on the diagram during the previous trial; he intended to show that Mr. Pumley could not have seen those things which he said he saw through the use of the diagram and the position of the "X" thereon. The trial judge sustained the defendant's objection and excluded Mr. Pumley's testimony because of the missing diagram.

At the close of the state's evidence, the defendant moved for a directed verdict on the grounds that he was not provided with the "potentially exculpatory" diagram of the alleged crime scene. Appellant has failed to show

how the diagram would have benefited his case except for its use in impeaching the state's witness, Mr. Pumley. The trial judge excluded Mr. Pumley's testimony from the evidence in the present trial. Thus, appellant has failed to show that the absence of the subject diagram was harmful to his case. We find no reversible error in the trial court's overruling the defendant's motion for directed verdict.

2. Appellant contends that the jury was never administered an oath, and that therefore the verdict was a nullity. The transcript does not show whether or not the oath was administered to the jurors as required by Code § 59-709. Such a record, without more, would not constitute reversible error. *Dalton v. State,* 127 Ga. App. 504 (194 SE2d 268). Further, the state petitioned the trial court to amend the record. See Ga. L. 1965, pp. 18, 25 (Code Ann. § 6-805 (f)). The court held a hearing on the motion. The state submitted affidavits from all twelve jurors and from the state's attorney stating that the jurors had been properly sworn. The defendant submitted affidavits from both defense counsel; they asserted that no oath had been administered. He found as a fact that the jurors had been properly sworn. The supplemental record supports this conclusion, and the enumeration is without merit. See *Smith v. State,* 235 Ga. 852 (221 SE2d 601).

3. In Enumerations 3, 8, 9 and 10, appellant urges error in the court's charge regarding the defense of justification. Code § 26-902 (a) provides: "A person is justified in threatening or using force against another when and to the extent that he reasonably believes that such threat or force is necessary *to defend himself or a third person against such other's imminent use of unlawful force;* however, a person is justified in using force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent death or great bodily injury to himself or a third person, or the commission of a forcible felony." (Emphasis supplied.)

The uncontroverted evidence shows that the defendant first shot the victim in the chest. The victim grabbed his shoulder, turned, and started to walk away from the defendant toward his truck. The defendant then got out of his car and shot the victim again (in the back

of the head). The victim immediately dropped to the ground. The witness from the state crime lab testified that either of the two wounds could have been fatal.

When the defendant shot the victim in the head, there was no imminent danger to the defendant or a third person; the victim had turned and was walking away from the defendant. Further, the defendant was still in his automobile after the first shot was fired and could have easily driven away; rather, he stepped out of his car and fired a second fatal shot into the victim's head.

We find that under the facts of this case, the defendant was not entitled to a charge on justification. See generally *Smith v. State,* 232 Ga. 99 (2) (205 SE2d 188). The trial judge's charge on justification was a beneficial gratuity to which the defendant was not entitled under the evidence. See *Whigham v. State,* 131 Ga. App. 261 (1) (205 SE2d 467). Accordingly, appellant cannot complain of any alleged errors in the court's charge on justification.

4. Appellant urges error in the trial court's instructing the jury that they might convict the defendant of the lesser included offense of voluntary manslaughter. He argues that the facts were insufficient to establish a serious provocation resulting in sudden, violent, and irresistible passion. We disagree. The evidence showed that both men had previously threatened each other's lives; the deceased had been dating the defendant's wife; and the defendant had just been informed that the deceased was coming to kill him. The deceased followed the defendant's car and bumped it; when the defendant stopped his car, the deceased ran toward appellant's car. The defendant then shot the decedent.

The evidence, considered as a whole, authorized the finding that the defendant acted as a result of a sudden, violent and irresistible passion resulting from serious provocation. See Code § 26-1102. "Whenever a homicide is neither justifiable nor malicious, it is manslaughter, and if intentional, is voluntary manslaughter." *Gainey v. State,* 132 Ga. App. 870 (209 SE2d 689). The evidence supported the trial court's instruction on voluntary manslaughter and the verdict of guilty.

5. Appellant urges error in the court's charging the

jury that if they found certain facts and formed certain opinions, they would be under a duty to convict the defendant. All but one of the charges of which appellant complains related to the offense of murder. Since the defendant was convicted of voluntary manslaughter, these charges, if error, were harmless. *Blackburn v. State,* 131 Ga. App. 678 (5) (206 SE2d 723).

The following charge related to the offense of which appellant was convicted: "If you should find that Morris Copeland, without malice, and not under circumstances which would otherwise justify the killing, voluntarily killed Larry Davenport while under a sudden violent and irresistible passion, produced by an assault on him, or an attempt by Mr. Davenport to make an assault on him, or to inflict a great bodily injury to him, or some other equivalent circumstance sufficient to justify the excitement of passion, then the homicide would be under our law voluntary manslaughter. In that event it would be your duty, if you should so find, to convict this Defendant of voluntary manslaughter."

Appellant contends that the above charge amounted to an expression of opinion by the trial judge as to what had been proved. See Code § 81-1104. We find no expression of opinion regarding the proven facts in the above charge.

Further, appellant argues that the court erred in failing to remind the jury that they must find the defendant guilty beyond a reasonable doubt from a consideration of all of the evidence before they would be under a duty to convict. The charge considered as a whole made it clear that the jury was to consider all of the evidence and determine the defendant's guilt beyond a reasonable doubt before returning a guilty verdict. We find no error in the court's failure to *remind* the jury of these facts in this particular paragraph of the charge. We find that the charge of which appellant complains, viewed in the context of the charge as a whole, was neither unfair nor detrimental to the accused. See generally *Paschal v. State,* 230 Ga. 859 (1) (199 SE2d 803).

6. Appellant's enumeration of error number 6 is without merit.

7. Appellant's enumeration of error number 7

relates to the court's charge regarding malice. The jury having found voluntary manslaughter, any error in such an instruction would be harmless. *Fulton v. State,* 127 Ga. App. 711 (2) (194 SE2d 615).

*Judgment affirmed. Marshall and McMurray, JJ., concur.*

ARGUED MAY 4, 1976 — DECIDED MAY 27, 1976 — REHEARING DENIED JUNE 15, 1976 —

*Cook & Palmour, Bobby Lee Cook, Bobby Lee Cook, Jr., Thomas K. Isaacs,* for appellant.

*C. B. Holcomb, District Attorney, Frank Mills, Assistant District Attorney,* for appellee.