## 52766. MONTGOMERY v. THE STATE.

McMurray, Judge.

Defendant was convicted on three separate indictments of aggravated assault. The aggravated assault charges arose when law enforcement officers responding to a disturbance near the American Legion building in Calhoun, Georgia, were fired upon, resulting in three police officers being wounded by shotgun pellets. Defendant's joint motion for new trial was denied, and he appeals. *Held:*

1. "The rules relating to the grant of a new trial based on newly discovered evidence are: (1) that the evidence has come to the knowledge of the moving party since the trial; (2) that it was not owing to the want of due diligence that the moving party did not acquire it sooner; (3) that it was so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness." *Walters v. State,* 128 Ga. App. 232, 233 (196 SE2d 326). See also *Berry v. State,* 10 Ga. 511, 527. Defendant enumerates as error the refusal of the trial judge to grant a new trial on the basis of newly-discovered evidence.

Prichett, a co-defendant, testified that he saw the defendant firing the gun. Defendant's newly-discovered evidence consists of the affidavit of a person who states that at the time of the shooting she was in the company of Prichett and that, due to their location, it would have been impossible for Prichett to have seen who fired the gun.

Defendant's newly-discovered evidence would serve only to impeach the credit of a witness. Also the weight of the evidence, other than Prichett's testimony, including the testimony of another eyewitness, makes it improbable that defendant's newly-discovered evidence would produce a different verdict. Therefore, the trial court did not err in denying defendant's motion for new trial. *Walters v. State,* 128 Ga. App. 232, supra.

2. Enumerated error No. 2 argues that the trial judge erred in allowing the district attorney to make certain improper remarks during his closing argument, calling for the burden of proof to be shifted to the defendant. This enumeration of error "cannot be ruled on, since the argument was not required to be recorded (Code § 27-2401) and there is no stipulation in the record as to what the alleged comment was." *Munsford v. State,* 129 Ga. App. 547, 549 (4) (199 SE2d 843).

3. Enumeration of error No. 3 is a contention which requires consideration of the district attorney's argument allegedly containing an improper remark. The ruling by the court that the district attorney might draw inferences

from the non-production of witnesses in his argument is a correct statement of law. See *Floyd v. State,* 135 Ga. App. 217, 220 (217 SE2d 452). There is no merit in this complaint.

4. The defendant enumerates as error the failure of the court reporter to take down the entire closing arguments of both counsel, after being asked to do so. However, the record shows no timely request that the argument of counsel be recorded and, in the absence of such request, the court reporter is not required to record the argument of counsel. Code Ann. § 27-2401 (Ga. L. 1973, pp. 159, 169; 1976, pp. 991, 992, eff. July 1, 1976); *Lyle v. State,* 131 Ga. App. 8 (5) (205 SE2d 126); *Ellis v. State,* 137 Ga. App. 834 (224 SE2d 799).

*Judgment affirmed. Quillian, P. J., and Marshall, J., concur.*

SUBMITTED OCTOBER 12, 1976 — DECIDED NOVEMBER 1, 1976.

*John E. Sawhill, III,* for appellant.
*David Vaughn, District Attorney, Charles Crawford, Assistant District Attorney,* for appellee.