## 57577. ALEXANDER v. THE STATE.

CARLEY, Judge.

Appellant and Daniel Wayne Brand were convicted of robbery by intimidation. Both had been indicted on two counts of armed robbery. The evidence shows that co-defendant Brand entered a drugstore in Clayton County, informed the pharmacist that he had a gun and threatened to shoot the pharmacist and another employee

unless they complied with his wishes. At the directions of Brand, the employees placed certain drugs and cash in a pillowcase handed them by Brand. After receiving the pillowcase containing the money and drugs, Brand made the employees lie on the floor and left the store.

An eyewitness, leaving the store immediately prior to Brand, positively identified appellant as being behind the wheel of the yellow Volkswagen parked outside of the store. The engine of the Volkswagen was running. Co-defendant Brand entered the yellow Volkswagen which then was driven away from the store. Approximately two hours after the robbery, the yellow Volkswagen was stopped by Atlanta police officers at which time appellant was the driver of the car. A silver revolver was found on the floorboard of the car. In the rear of the vehicle, a large quantity of prescription drugs, identified at trial as having been taken in the robbery, was discovered. At the time of her arrest, appellant hid $98 in the seat of the police car in which she was placed. Enumerating several errors by the trial court, appellant appeals.

1. Appellant asserts that the trial court erred in charging the jury on conspiracy. The basis of appellant's contention is that the indictment did not charge conspiracy and the evidence showed the completion of the crime of robbery. This argument is unavailing since we have held many times that even if conspiracy is not alleged in an indictment, a charge upon the subject is not error if the evidence tends to show a conspiracy. *Montgomery v. State,* 128 Ga. App. 116, 117 (3) (195 SE2d 784) (1973); *Flannigan v. State,* 139 Ga. App. 590, 591 (2) (229 SE2d 98) (1976); *Farley v. State,* 145 Ga. App. 98, 103 (243 SE2d 322) (1978). The evidence in this case was sufficient to justify a charge on conspiracy.

Appellant's reliance upon *Dutton v. State,* 228 Ga. 850, 852 (188 SE2d 794) (1972), is misplaced. In *Dutton* the Supreme Court simply held that it was not error for the trial court to *fail* to charge that the jury "might convict" the defendant of conspiracy to commit crimes of which the defendant was found guilty. In *Bruster v. State,* 228 Ga. 651 (187 SE2d 297) (1972), the Supreme Court, in affirming a jury verdict finding the defendant guilty of

armed robbery, upheld a charge on conspiracy when the same was not alleged in the indictment.

This enumeration of error is without merit.

2. The record in this case shows that the jury initially returned a verdict against co-defendant Brand for robbery by intimidation on two counts and at the same time stated "We, the jury, also find the defendant Jeanette Suzanne Clark also known as Jeanette Suzanne Clark Alexander, guilty of robbery by conspiracy after the fact, on two counts." The trial court informed the jury that it could not accept the verdict as to appellant and instructed the jury to return to the jury room ". . . to deliberate further with reference to the guilt or innocence of Miss Clark as charged by the Court." Appellant moved for a directed verdict which was overruled and, on appeal, contends that it was prejudicial error to cause the jury to recommence deliberation without additional specific instructions. We do not agree. The original purported verdict was a mere nullity and the trial court was correct in refusing to accept the void verdict and in instructing the jury to continue its deliberations as to appellant so as to reach a verdict in accordance with the court's charge. *Dunn v. State,* 141 Ga. App. 853, 854 (234 SE2d 687) (1977). The denial of defendant's motion for a directed verdict was not erroneous.

3. Appellant has enumerated as error and argued in her brief the trial court's "failure to properly clear up inflammatory statements by the State. . ." during the district attorney's final argument. Although after the completion of the state's final argument, counsel for the appellant objected to certain portions of the charge and summarized his objections to the court on the record, there was no transcript of any portion of the actual argument to the jury. Furthermore, notwithstanding the reported colloquy between court and counsel, there is no stipulation in the record as to the exact comments which are allegedly offensive. Accordingly, we cannot rule on this enumeration of error. *Montgomery v. State,* 140 Ga. App. 286, 287 (2) (231 SE2d 108) (1976); *Carter v. State,* 137 Ga. App. 824, 828 (7) (225 SE2d 73) (1976); *Moreland v. State,* 133 Ga. App. 723, 726 (5) (212 SE2d 866) (1975). However, even if we accept appellant's version of the

purportedly inflammatory remarks, the law allows to counsel wide latitude in arguing the evidence and inferences therefrom. "A solicitor general may argue to the jury the necessity for enforcement of the law and may impress on the jury, with considerable latitude in imagery and illustration, its responsibility in this regard." *Terhune v. State,* 117 Ga. App. 59, 60 (5) (159 SE2d 291) (1967).

Furthermore, the defendant did not move for a mistrial but simply objected to the argument. In response, the trial judge stated that he was concerned with a portion of the argument referring to the jury as being representatives of the state and that he would correct it in his instructions to the jury. These instructions included a statement that "You neither represent the defendant in this case nor the State." There being no transcript of the argument — and considering the court's curative instructions in conjunction with the absence of any motion for mistrial — we find no error. *Grice v. State,* 224 Ga. 376 (1) (162 SE2d 432) (1968); *Blackburn v. State,* 131 Ga. App. 678, 680 (206 SE2d 723 (1974).

*Judgment affirmed. Banke, P. J., and Underwood, J., concur.*

SUBMITTED APRIL 9, 1979 — DECIDED MAY 14, 1979.

*Pechin, Batchelor & McCoy, Richard G. Pechin,* for appellant.

*Robert E. Keller, District Attorney, Jack T. Wimbish, Jr., Assistant District Attorney,* for appellee.