## 61047. STEPHENS v. THE STATE.

BANKE, Judge.

The defendant appeals his conviction for selling phencyclidine in violation of the Controlled Substances Act.

An undercover G. B. I. agent testified that she went to the defendant's home to purchase phencyclidine from him after talking to two of his friends and learning that she could obtain the drug there. Prior to trial, defense counsel filed a motion in limine, asking that the state not be allowed to argue the hearsay portion of this testimony "for any purpose other than the explanation of [the agent's] conduct." The district attorney responded, "If we do enter that, we enter that for that purpose and the court will instruct the jury to consider the evidence for that purpose only."

The defendant introduced alibi testimony to the effect that he had been at work on the night the sale was made. He also attempted to prove that a brother-in-law was staying at his home at the time who resembled him and often wore his clothes.

During closing argument, defense counsel moved for a mistrial on the ground that the district attorney had violated his agreement not to argue the hearsay portion of the G. B. I. agent's testimony as evidence that the defendant was a known supplier of phencyclidine. Although the motion was recorded and transcribed, the closing argument itself was not, and no stipulation was obtained from the court or from the district attorney as to the exact nature of the offending remarks. Defense counsel paraphrased the district attorney as having argued, in effect, that the defendant's friends, in talking to the G. B. I. agent, "would have been a part of the [masquerading brother-in-law's] deception and they could have said it was [the defendant] when really it wasn't . . ." The district attorney did not respond to the motion, and the trial court denied it without rebuking him or giving any cautionary instructions to the jury. *Held:*

1. Generally, where there is no transcript of the closing argument and no stipulation as to the comments which are alleged to be improper, no error can be established on appeal. See e.g., *Montgomery v. State,* 140 Ga. App. 286 (2) (231 SE2d 108) (1976); *Alexander v. State,* 150 Ga. App. 41 (3) (256 SE2d 649) (1979). This rule was relaxed in a recent case wherein defense counsel quoted the offending portion of the argument verbatim in his motion for mistrial; and both the prosecutor and the trial court, in responding to the motion, tacitly acknowledged that his version was accurate. See *Marlow v. State,* 152 Ga. App. 218 (1) (262 SE2d 460) (1979). However, in the case before us now, the offending remarks were not quoted, but were merely paraphrased. Furthermore, neither the

district attorney nor the trial court took any action or made any statement which could reasonably be construed as a stipulation that defense counsel's interpretation of the remarks was correct. We accordingly hold that the defendant has not met his burden of establishing the alleged error by the record. See generally *Bridges v. State,* 227 Ga. 24 (2) (178 SE2d 861) (1972); *Smith v. State,* 130 Ga. App. 434 (2) (203 SE2d 626) (1973).

2. The defendant attempted to prove by his father's testimony that one of the friends who had directed the G. B. I. agent to his house, and who had allegedly been present when the sale was made, later told his father that he (the defendant) did not make the sale. This testimony was not admissible under any exception to the hearsay rule and was properly disallowed.

3. The district attorney established on cross examination that the witnesses who had testified in corroboration of the defendant's alibi defense had not testified at a preliminary proceeding (evidently a probation revocation hearing), even though both of them knew the reason for his arrest and at least one of them, the defendant's father, had been present at that proceeding. Subsequently, the defense sought to introduce affidavits from both witnesses which had allegedly been filed at yet another, unspecified court proceeding. The trial court did not err in refusing to admit them. There was no showing that the documents were offered at or prior to the revocation hearing, and thus they were not relevant to counter any unfavorable inference which might have arisen from the witnesses' failure to testify at that hearing. We reject the defendant's further contention that the affidavits were admissible to "strengthen the witnesses' testimony by . . . showing consistency and reasonableness, indicating that the facts were as stated by the witnesses." A witness' testimony at trial may not be bolstered or corroborated by showing that it is consistent with an out-of-court statement made by that same witness. *Smith v. State,* 200 Ga. 188 (4) (36 SE2d 350) (1946); *Seaboard C. L. R. Co. v. Duncan,* 123 Ga. App. 479, 480 (181 SE2d 535) (1971); *Popham v. State,* 138 Ga. App. 876, 877 (227 SE2d 825) (1976). See also *Freeman v. State,* 233 Ga. 745, 747 (213 SE2d 643) (1975).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

SUBMITTED NOVEMBER 4, 1980 — DECIDED DECEMBER 3, 1980 — REHEARING DENIED DECEMBER 19, 1980 — 

*George C. Rosenzweig,* for appellant.
*William F. Lee, Jr., District Attorney,* for appellee.