*Albert B. Wallace,* for appellee.

## 61446. CHILDS v. THE STATE.

SHULMAN, Presiding Judge.

Appellant brings this appeal from his conviction of selling cocaine in violation of the Georgia Controlled Substances Act (Code Ann. Ch. 79A-8, Ga. L. 1974, p. 221 et seq.). We affirm.

1. Appellant contends that the trial court erred in overruling his motion to compel the state to disclose the identity of the confidential informant whose assistance enabled the state to make its case against appellant. We reject this contention.

"Where [as here] a person merely takes an undercover police officer to a location and identifies, or introduces the officer to the defendant, and the officer arranges for and buys contraband from the defendant, and the person witnesses such sale, or alleged sale, such person is an informer and not a 'decoy' and a disclosure of his name, address, etc., to the defendant is not required as a matter of law under Code Ann. § 38-1102, but rests in the discretion of the trial judge, balancing the rights of the defendant and the rights of the state under all the facts and circumstances." *Taylor v. State,* 136 Ga. App. 31 (2) (220 SE2d 49). The record in this case shows that appellant's motion to require disclosure was the subject of a lengthy pre-trial hearing, and that the trial court carefully considered the evidence and arguments presented by both sides during the hearing. In our view, appellant has failed to demonstrate that the trial court abused its discretion in refusing to compel disclosure of the identity of the state's confidential informant.

2. In his third enumeration of error, appellant argues that "[t]he trial judge erred in failing to grant a directed verdict of not guilty at the conclusion of all the evidence upon failure of the State of Georgia to rebut the appellant's defense of entrapment." Appellant contends that the state failed to rebut his testimony that he had been entrapped by agents of the Georgia Bureau of Investigation (GBI) and that he was thus entitled to a directed verdict of acquittal. We disagree.

"A distinction must be made between evidence which *raises* a defense of entrapment and which would require that the jury be charged as to the law of entrapment and the burden of proof thereon, and evidence which, under the standards set out in Code Ann. § 27-1802, would *demand* a finding of entrapment and, therefore, a

directed verdict of acquittal." *State v. Royal,* 247 Ga. 309 (275 SE2d 646) (1981). The evidence presented in the instant case clearly does not demand a finding of entrapment. Portions of appellant's own testimony tended to rebut his entrapment defense. Moreover, the testimony of one of the GBI agents who witnessed the alleged sale further controverted appellant's entrapment defense and provided evidence of appellant's predisposition to deal in drugs. Accordingly, we find no error in the trial court's failure to grant appellant's motion for a directed verdict of acquittal.

3. In his fourth enumeration of error, appellant contends that the trial court erred in failing to grant a mistrial as a result of allegedly prejudicial remarks made by the assistant district attorney during his closing argument. Since the record does not contain either a transcript of counsel's closing argument or a stipulation by counsel as to the precise language which appellant now argues required the grant of a mistrial, this contention of error presents nothing for appellate review. See *Alexander v. State,* 150 Ga. App. 41 (3) (256 SE2d 649); *Montgomery v. State,* 140 Ga. App. 286 (2) (231 SE2d 108).

4. Appellant asserts that the trial court erred in failing to give his requested charge on entrapment, and that the charge actually given by the trial court was fatally defective. We cannot agree. The trial court's charge to the jury on the defense of entrapment was an adequate statement of applicable Georgia law. See *Chambers v. State,* 154 Ga. App. 620 (2) (269 SE2d 42). No error can thus be ascribed to the trial court's failure to use the specific language found in appellant's requested charge on entrapment. See *White v. State,* 230 Ga. 327, 338 (196 SE2d 849). Appellant's fifth enumeration of error is consequently without merit.

5. In his sixth enumeration, appellant asserts that the trial court erred in failing to instruct the jury, in connection with a specific portion of its charge, that the state had the burden of *disproving* appellant's entrapment defense beyond a reasonable doubt. The record in this case reflects that the trial court instructed the jury that "the State has the burden of proving beyond a reasonable doubt that the defendant was not entrapped." The fact that this instruction was given prior to the portion of the trial court's charge here under attack in no way necessitates a finding of error, since the jury was fully instructed as to the burden of proof upon the state to rebut appellant's defense of entrapment. See *Howard v. State,* 151 Ga. App. 759 (261 SE2d 483). Viewing the charge as a whole, we find no error.

6. Appellant's argument that the trial court erroneously overruled his motion for new trial merely incorporates arguments advanced in the enumerations of error decided adversely to appellant

in Divisions 1 through 5 of this opinion, and for this reason we need not separately address that issue.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED APRIL 24, 1981 —

*William Ralph Hill, Jr.,* for appellant.

*David L. Lomenick, Jr., District Attorney, Ronald L. Enloe, Christopher A. Townley, Assistant District Attorneys,* for appellee.