## 64044. CAITHAML v. THE STATE.

CARLEY, Judge.

Appellant was indicted, tried and convicted of possession with intent to distribute marijuana, a violation of Code Ann. § 79A-811 (1) (l). He appeals from the judgment of conviction and sentence entered on the jury verdict.

1. Appellant raised the affirmative defense of entrapment. Contending that this defense was established as a matter of law by evidence unrebutted by the confidential informant who solicited the procurement of marijuana, appellant enumerates as error the denial of his motion for a directed verdict of acquittal.

"A distinction must be made between evidence which *raises* a defense of entrapment and which would require that the jury be charged as to the law of entrapment and the burden of proof thereon, and evidence which, under the standards set out in Code Ann. § 27-1802, would *demand* a finding of entrapment and, therefore, a directed verdict of acquittal. Lack of conflict in the evidence is only one of the criteria in Code Ann. § 27-1802. Thus, a defendant's testimony as to entrapment, even if unrebutted by any other witness to the alleged misconduct, will not entitle him to a directed verdict of acquittal unless that unrebutted testimony, together with all reasonable deductions and inferences therefrom, demands a finding that entrapment occurred." *State v. Royal,* 247 Ga. 309, 310 (275 SE2d 646) (1981).

Our review of the evidence adduced in the instant case clearly demonstrates that a finding of entrapment was not demanded. See generally *Childs v. State,* 158 Ga. App. 376 (2) (280 SE2d 401) (1981). "As in *State v. Royal,* 247 Ga. 309, 311, supra, '[t]his is one of those cases in which a question of fact was presented as to entrapment for determination by the jury. The evidence did not, however, *demand a* finding that defendant [Caithaml] was entrapped into the commission of a crime. (Cits.)' Appellant's motion for a directed

verdict of acquittal was not erroneously denied." *McNorton v. State,* 159 Ga. App. 604, 605 (284 SE2d 107) (1981).

2. The trial court charged the entirety of Code Ann. § 79A-811 (1) (1): "It is unlawful for any person to possess, distribute, dispense, administer, sell, or possess with intent to distribute marijuana." Citing *Walker v. State,* 146 Ga. App. 237 (246 SE2d 206) (1978) and the fact that the indictment alleged only his possession of marijuana "with intent to distribute," appellant contends that the charge was erroneously given. " 'An instruction to a jury can be misleading "where it gives several definitions of the offense for which accused is being tried . . ." (Cit.) However, it need not be fatal where a court charges the general statute on different modes of commission "provided a definition ⸱is subsequently given applicable to the pleadings and the evidence." (Cit.)' " *Perkins v. State,* 151 Ga. App. 199, 202 (259 SE2d 193) (1979).

In the instant case, unlike *Walker* and *Perkins,* the trial court gave sufficient "remedial instructions" which properly "confined the charge to the particular portion of the section of the Code applicable to the [offense] charged in . . . the indictment, and the defendant was not harmed thereby. [Cits.]" *Pippin v. State,* 205 Ga. 316, 324 (53 SE2d 482) (1949). See also *Ford v. State,* 232 Ga. 511, 517 (12) (207 SE2d 494) (1974); *Walker,* 146 Ga. App. at 245, supra.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED SEPTEMBER 10, 1982.

*J. Stephen Schuster,* for appellant.

*Thomas J. Charron, District Attorney, Mary E. Staley, Assistant District Attorney,* for appellee.