64384. McKENNEY v. THE STATE.

BIRDSONG, Judge.

Michael McKenney was convicted of possession of marijuana in violation of the Controlled Substances Act. He was sentenced to ten years, five to serve and five on probation with a $2,000 fine payable at the rate of $100 per month commencing at the beginning of the period of probation. McKenney brings this appeal enumerating three procedural errors. *Held:*

1. Enumerations 1 and 3 contend the state announced in the presence of the assembled jurors (but before a jury of twelve was impaneled) that McKenney had withdrawn a guilty plea and further that the transcript thereafter failed to show the voir dire responses of the jurors to the three statutorily required questions going to impartiality. The transcript however does not support the allegations made in appellant's brief. The transcript shows the first mention of a guilty plea came from appellant's counsel. The state's reply in effect denied the state had made any mention of a guilty plea in the presence of the assembled jurors. The transcript further simply reflects the reporter's note that a jury was selected, impaneled and sworn with no verbatim embellishment.

". . . [T]here is nothing in the record to support appellant's contention that a . . . plea of guilty was [withdrawn] in the presence of the jury panel except defense counsel's statement [appearing only in his brief]. . . . There is nothing in the [trial] transcript to indicate that such a procedure occurred. Our Supreme Court has held that where the transcript or record does not fully disclose what transpired at trial, the burden is on the complaining party to have the record completed in the trial court pursuant to the provisions of Code § 6-805 (f). Where this is not done, there is nothing for an appellate court to review. *Zachary v. State,* 245 Ga. 2, 4 (262 SE2d 779)." *Neal v.*

546

*State,* 161 Ga. App. 77 (1) (289 SE2d 293).

It is clear that assertions of fact in an appellate brief of what transpired at trial without the transcript being in support thereof cannot serve as a valid substitute for a transcript of the disputed proceedings. *Stephens v. State,* 156 Ga. App. 859 (1) (275 SE2d 758). Accordingly, appellant has not met his burden of establishing erroneous procedure in the trial court subject to appeal or review by this court. *Montgomery v. State,* 140 Ga. App. 286 (2) (231 SE2d 108). These enumerations present nothing for this court to review.

2. In his second enumeration, appellant urges error in the trial court's denial of a continuance to procure an essential witness. However, the transcript reflects that after the selection of the jury, the trial did not commence for two days at the express request of the defense counsel so that he might obtain the presence of the witness. When trial resumed two days later, the witness was present and fully testified. Appellant has shown no erroneous denial of a delay or that a critical witness was absent or testimony lost. In short, appellant has shown no error, no harm to his rights or lack of a fair trial. His enumeration is wholly without merit. *Dill v. State,* 222 Ga. 793 (1) (152 SE2d 741).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

Decided September 15, 1982.

*Jerry M. Daniel,* for appellant.

*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.