73351. WHITEHEAD et al. v. COGAR.
(350 SE2d 821)

DEEN, Presiding Judge.

Plaintiff/appellee Cogar was employed as a carpenter by a contractor working on property located on Bishop Drive, a residential street in Columbus, Georgia. At the beginning of the work day, he had parked his automobile on the shoulder of the two-lane road upon which the property abutted, and his employer had parked his pick-up truck a few feet behind Cogar's. At the end of the day's work Cogar went to the rear of his own vehicle to put his tools inside.

At the same time appellant Whitehead was driving his father's automobile along Bishop Road, where the speed limit was 30 miles per hour, at a speed of approximately 45-55 miles per hour, according

to the evidence presented at trial. He was traveling in the same direction in which the parked vehicles were headed, and the shoulder on which they were parked was to his right. Whitehead was driving in the left lane rather than the right lane, however. As he approached the top of a little rise near where Cogar's and his employer's vehicles were parked, he saw an oncoming car headed straight towards him. He swerved into the right lane, apparently lost control of his vehicle, and slid or skidded into the rear of the contractor's truck. The latter was shoved forward by the impact and struck Cogar, who was pinned against his own car and sustained severe and disabling injuries.

In the ensuing personal injury action a jury awarded Cogar $100,000 in damages. Whitehead moved for a new trial on the basis of an allegedly improper jury instruction quoting a statute, OCGA § 40-6-45, which prohibits a vehicle's being driven on the left side of the road — specifically, *inter alia*, when it is approaching the crest of a grade. Whitehead argued that this statute was inapplicable to the fact situation of the instant case because appellee, as a pedestrian, was not a member of the class the statute was designed to protect. The motion was denied, and on appeal Whitehead enumerates as error the denial of his motion for new trial and the giving of this same jury charge. *Held*:

1. On appellate review a challenged jury charge must be considered as a whole, rather than in isolated segments. In a decision rendered a century ago, Chief Justice Logan Bleckley of Georgia's Supreme Court made the classic statement on this subject: "A charge, torn to pieces and scattered in disjointed fragments, may seem objectionable, although when put together and considered as a whole, it may be perfectly sound. The full charge being in the record, what it lacks when divided is supplied when the parts are all united. United they stand, divided they fall." *Brown v. Matthews*, 79 Ga. 1, 7 (4 SE 13) (1887). In the instant case, according to the trial transcript which is a part of the record, the court charged not only the Code section to which appellant excepts (OCGA § 40-6-45), but also other Code sections (e.g., §§ 40-6-40; 40-6-180) dealing with permissible speeds in given situations and with other rules prescribing the proper use of public roads. The court also charged on burden of proof, evidentiary standard, and other matters appropriate to the issues raised and the evidence presented. Moreover, appellant has failed to show what harm he suffered as the result of the giving of this particular jury instruction. To warrant reversal, the alleged error must be harmful. *Dill v. State*, 222 Ga. 793 (152 SE2d 741) (1966); *McKenney v. State*, 163 Ga. App. 545 (295 SE2d 217) (1982); *Best Concrete Prods. Co. v. Medusa Corp.*, 157 Ga. App. 97 (276 SE2d 147) (1981). See also *Sprayberry v. Snow*, 190 Ga. 723, 728 (10 SE2d 179) (1940); *Jones v. Dixie Drive It Yourself System*, 97 Ga. App. 669, 671 (104 SE2d 497)

(1958). The enumeration is without merit.

2. Inasmuch as the motion for new trial was premised solely on the challenged jury instruction which we have held not to be improper, above, this enumeration is also without merit.

*Judgment affirmed. Benham and Beasley, JJ., concur.*

DECIDED NOVEMBER 12, 1986.

*J. Madden Hatcher, Jr.*, for appellants.
*L. B. Kent*, for appellee.