## 77671. PARKER v. THE STATE.
### (378 SE2d 157)

BENHAM, Judge.

This appeal is from appellant's conviction for four counts of the offense of selling cocaine. The State's evidence showed that on four occasions appellant was asked to and did sell cocaine to undercover agents. Appellant's testimony and that of a witness who claimed to be present at the transactions was that the agents asked appellant to obtain the cocaine and he merely acted as a go-between. On appeal, appellant complains of the trial court's refusal to order disclosure of the identity of an informant, of the denial of his motion for directed verdict on his defense of entrapment, and of the State's attorney's allegedly improper argument. We find no error and affirm.

1. Appellant's first enumeration of error is directed to the trial court's refusal to require disclosure of the identity of an informant who introduced appellant to the agents to whom he sold cocaine. Appellant's evidence, as well as that of the State, showed no more than that the informant introduced appellant to the agents and then witnessed the transaction. Although appellant put on evidence indicating that the informant, as well as one of the agents, used the drug after its purchase, there was no evidence that the informant was involved in the sales transaction itself. Under those circumstances, the trial court was invested with discretion to reveal or not reveal the identity of the informant. *Statiras v. State*, 170 Ga. App. 739 (318 SE2d 156) (1984). Considering that appellant and his witness both testified that a named person was accompanying the agents at the time of the transactions, thereby indicating that they already knew who the informant was, but that appellant did not call that person as a witness, we find no abuse of the trial court's discretion.

2. In his second enumeration of error, appellant contends that the denial of his motion for directed verdict was error because the evidence demanded the conclusion that he was entrapped into criminal conduct by government agents. " 'A distinction must be made between evidence which *raises* a defense of entrapment and which

would require that the jury be charged as to the law of entrapment and the burden of proof thereon, and evidence which, under the standards set out in [OCGA § 17-9-1 (a)], would *demand* a finding of entrapment and, therefore, a directed verdict of acquittal.' [Cit.] The evidence presented in the instant case clearly does not demand a finding of entrapment. Portions of appellant's own testimony tended to rebut his entrapment defense [in that he testified on cross-examination that all the agents had to do was ask once for cocaine and he readily made it available]. Moreover, the testimony of . . . the GBI agents who witnessed the alleged sale[s] further controverted appellant's entrapment defense and provided evidence of appellant's predisposition to deal in drugs. Accordingly, we find no error in the trial court's failure to grant appellant's motion for a directed verdict of acquittal." *Childs v. State*, 158 Ga. App. 376 (2) (280 SE2d 401) (1981).

3. The final issue in this case concerns the alleged improper argument of the prosecuting attorney. Appellant contended at trial and before this court that the prosecuting attorney read law to the jury in violation of the Supreme Court's prohibition in *Conklin v. State*, 254 Ga. 558 (10) (331 SE2d 532) (1985). That contention is not borne out by the record. The transcript of the closing argument showed that the prosecuting attorney only told the jury that there are traps which legally can be set for criminals. Since the trial court subsequently charged the jury on entrapment, a charge which delineated the limits for traps that law enforcement agents can set, it is clear that the prosecuting attorney did no more than "refer to applicable law during closing argument (i.e., law that the court is going to give in charge). [Cit.]" Id. at 570. The third and final enumeration of error is without merit.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 24, 1989.

*Morris & Webster, Craig A. Webster*, for appellant.
*David E. Perry, District Attorney, Ronald M. Adams, Assistant District Attorney*, for appellee.