## 53225. HALL v. THE STATE.

MARSHALL, Judge.

Appellant appealed his conviction for the offense of burglary and the sentence of the trial court to 8 years confinement in custody of the Department of Offender Rehabilitation.

This court reversed a previous conviction for the same offense in *Hall v. State,* 138 Ga. App. 20 (225 SE2d 705), because of the trial judge's failure to grant a mistrial after an officer-witness testified that he could not get the defendant to talk with him.

Appellant enumerates two errors: First, the overruling of appellant's objections to the admission in evidence of state's Exhibit 9 (a latent fingerprint card containing appellant's latent fingerprints taken from the trunk of an automobile used in the burglary), state's Exhibit 10 (a rolled fingerprint card containing fingerprints of appellant taken while he was in jail), and state's Exhibit 11 (a chart containing enlarged photographs of selected prints from Exhibits 9 and 10 for comparison and illustration), all objected to on the ground that the state failed to show a chain of custody. Second, the overruling of appellant's objection to certain hearsay testimony as to statements made by a municipal court judge during appellant's preliminary hearing. *Held:*

1. Appellant's first enumeration of error is without merit. In *Roland v. State,* 137 Ga. App. 796 (224 SE2d 846), this court held in Division 3 of its opinion that fingerprints are the type of evidence, which, when properly identified, are admissible because they are distinct and recognizable and a chain of custody is not involved. The police officer who recorded the fingerprints identified the three exhibits. Further, the record in this case reveals that the chain of custody of the three exhibits was sufficiently shown to satisfy the requirements of *Meadows v. State,* 135 Ga. App. 758 (219 SE2d 174).

The trial judge did not err in overruling appellant's objections to the admission in evidence of the three exhibits.

2. In his second enumeration of error, appellant contends that the trial judge erred in overruling his

objection to hearsay testimony. The trial judge permitted, over appellant's objection, a rebuttal witness to relate certain statements of the municipal court judge during appellant's preliminary hearing.

Appellant had testified under direct examination that he had not been permitted to explain to the court of inquiry his version of what had happened on the day of the burglary. The prosecutor called Officer J. B. Daniel in rebuttal to show why appellant had been cut off. According to Officer Daniel, appellant continually interrupted during the presentation of the state's case at the preliminary hearing. Appellant refused to abide by the rules of courtroom decorum even after being admonished by the court. Officer Daniel's alleged hearsay statements were as follows: "Judge Matthews kept continually calling him down . . . finally Judge Matthews ordered both subjects out of the courtroom and into the back."

The statements to which appellant objected were not subject to the hearsay rule for several reasons. First, the statements were admissible since they were made in appellant's presence. *Jefferson v. State,* 136 Ga. App. 63 (220 SE2d 71); *Hewitt v. State,* 127 Ga. App. 180 (193 SE2d 47). Second, the statements of the municipal court judge were admissible to explain the conduct of the judge in not permitting the appellant to explain his point of view during the preliminary hearing. Code Ann. § 38-302. Third, the witness described what the municipal court judge did, but did not repeat what the judge said. Therefore, what the witness said did not constitute hearsay. Finally, if the testimony was error, it was certainly harmless.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED JANUARY 6, 1977 — DECIDED FEBRUARY 15, 1977.

*Jack Dorsey,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Dean R. Davis, Assistant District Attorneys,* for appellee.