## 55931. TIPPINS v. THE STATE.

WEBB, Judge.

Johnnie Lee Tippins, Jr. appeals from his conviction of burglary, and we affirm.

1. Tippins moved pursuant to Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), to require the prosecution to produce "any and all items on which the state contends the Defendant's fingerprints were found at the scene of the alleged burglary." He enumerates as error the trial court's denial of this motion made fifteen minutes prior to trial. However, no error has been shown within the rulings of Brady v. Maryland, supra.

Tippins did not request that the court make an in camera inspection of the state's file to determine if there was anything in it favorable to his case, and there is no law in this state for discovery per se in criminal cases or right of the accused to inspect the state's file. *Houser v. State,* 234 Ga. 209, 213 (11) (214 SE2d 893) (1975); *Brooks v. State,* 141 Ga. App. 725, 730 (4) (234 SE2d 541) (1977). Nor has he shown that this evidence, some of which was not readily available when requested fifteen minutes before trial, was suppressed, that it was material or that it was favorable to the accused, which is the "heart of the holding in Brady [v. Maryland.]" Moore v. Illinois, 408 U. S. 786, 794 (92 SC 2562, 33 LE2d 706) (1971), quoted in *Rini v. State,* 235 Ga. 60, 63 (218 SE2d 811) (1975) and *Benefield v. State,* 140 Ga. App. 727, 734 (8) (232 SE2d 89) (1976).

2. Tippins contends that the state's Exhibits 2 through 6, bearing fingerprints, should not have been admitted in evidence because the prosecution failed to show sufficient chain of custody. The police officer who "lifted" the prints identified the exhibits, and this and

other evidence was sufficient to establish the chain of custody in accord with the requirements of *Meadows v. State,* 135 Ga. App. 758 (219 SE2d 174) (1975). See also *Hall v. State,* 141 Ga. App. 289 (233 SE2d 262) (1977).

3. The evidence, though circumstantial, was sufficient for the jury to find, as they did, that there was an entry of the premises as contemplated by Criminal Code § 26-1601, and that Tippins was the person who performed or assisted in that entry. Not only were the stolen automobile tires found in his home, but his fingerprints were found at the point of entry. Tippins testified that he had never been to the Cross Road Oil Company, the premises burglarized, but the jury chose to disbelieve him and they are the sole and exclusive judges of the credibility of the witnesses. *Moore v. State,* 140 Ga. App. 824, 826 (232 SE2d 264) (1976); *Haugabrook v. State,* 142 Ga. App. 714, 715 (236 SE2d 890) (1977).

4. The fourth enumeration concerns the allowance of testimony by a witness whose name did not appear on the list supplied to defense counsel before trial. During the trial it was revealed during cross examination of Detective Crow, the investigating officer, that he did not take Tippins' fingerprints. They were taken at Crow's request by Deputy Barnes while Tippins was in jail as comparison prints to those lifted at the scene. The district attorney notified both Tippins and the trial court that Barnes' testimony would be necessary to identify these prints so as to establish the chain of custody. The court permitted the witness to be used over objection with the specific proviso that counsel for defense be given an opportunity to interview him prior to his testifying, and counsel for Tippins did interview Barnes during the allotted time. Under these facts and circumstances there was reasonable compliance with Code Ann. § 27-1403, so as to meet the standards of *Huff v. State,* 141 Ga. App. 66 (1) (232 SE2d 403) (1977) and the "purposes of the statute" doctrine.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED JUNE 7, 1978 — DECIDED JUNE 27, 1978.

*Saliba & Newsom, Walter F. Newsom,* for appellant.
*H. Lamar Cole, District Attorney,* for appellee.