## 58811. YEARBY v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant was charged with and convicted of one count of burglary and two counts of being a recidivist because of prior convictions. His single enumeration of error complains of the sufficiency of the evidence to support the verdict of guilty of the offense of burglary. *Held:*

A woman living on the second floor of the Athens YWCO was awakened at 1:30 a.m. by noise coming from the downstairs. She phoned police and while talking on the phone was startled by a loud noise at her locked door. She screamed and then heard footsteps going down the stairs. Police arrived but found the front door locked. When one officer looked inside he saw the defendant, with a jacket and sweater in his hand. When the defendant saw the officer he departed in the other direction. When the officers arrived at the back of the building they found a broken window with concrete blocks stacked beneath. One officer entered and let the other officers in. The defendant was found hiding face down underneath a couch.

Two female residents of the building had checked the entire building before retiring at approximately 11 p.m. the night before. All doors and windows were locked and everything was in order. When one resident left her upstairs room after the police arrived she found a sweater and a jacket on the steps that had not been there the night before. Broken glass was found in front of the broken window that had not been there before. Nothing was found to be missing but doors were open on the china cabinet as well as drawers in two desks. These had not been open the night before during the check by the occupants.

The accused defended on the ground that he was on the way to his girl friend's house when he became ill in front of the YWCO and fell down. He went inside and "passed out" on the sofa — apparently from the combined effect of the drug used in a pain shot and consumption of alcoholic punch. He stated that he had been given an injection of secobarbital for pain earlier in the evening at a hospital. He left the hospital at "ten thirty or eleven" and went home. He left home around midnight or

"twelve-thirty" and then went to a friend's party and consumed three glasses of alcoholic punch. He stayed at the party about "an hour and thirty minutes" and then left for his girl's house when he was stricken in front of the YWCO. He entered through the unlocked and partially opened front door, went inside and "passed out" on the sofa. When he was awakened by a scream, he panicked and hid behind the couch where he was found.

The evidence was partially circumstantial. The jury is the fact finder. They were authorized to find from the evidence that an unlawful entry had been made through the broken window which had been checked the previous evening and found to be locked and intact. We also note the door alleged to have been used by defendant to enter was secured the evening before at 11 p.m. and was also locked when the officers arrived and saw the defendant inside the building.

As to the evidence of intoxication, we find this to be a matter for the jury. The defendant was questioned by police and found to be rational, understood his Miranda rights, answered questions freely and quickly. Neither his vision, balance, nor speech was impaired. From the defendant's testimony it is apparent he also remembered the events of the evening. The jury was charged on involuntary intoxication and resolved the issue against the defendant. We find that the offense charged is fully supported by the evidence. *Terry v. State,* 130 Ga. App. 655, 658 (204 SE2d 372); *Tippins v. State,* 146 Ga. App. 448 (3) (246 SE2d 458). The defendant was the only unauthorized person found in the building. According to the police — when the defendant saw the police he fled in the opposite direction and was later found hiding under a couch. These acts evince good physical capability, knowledge of right from wrong, a clear showing of guilty knowledge by flight and attempted concealment. The verdict and judgment are amply supported by the evidence. *Ealey v. State,* 139 Ga. App. 604 (2) (229 SE2d 86); *Parrish v. State,* 141 Ga. App. 631 (1) (234 SE2d 174); *Wells v. State,* 144 Ga. App. 841 (242 SE2d 752).

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

Submitted November 19, 1979 — Decided January 24, 1980.

*J. H. Affleck, Jr., Vicki C. Affleck,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.