## 61946. BOSWELL v. THE STATE.

BANKE, Judge.

Appellant was convicted of burglary and theft by taking. The state's evidence indicated that the appellant took part in planning the crime but that he did not enter the premises himself. The actual perpetrator was a man named Butch Huckaby. A neighbor of the victim, who had apprehended Huckaby in the act, was allowed, over objection, to testify that Huckaby made a statement at the time of his apprehension which implicated the appellant. The admissibility of this testimony presents the sole issue on appeal. *Held:*

The trial court admitted the testimony in reliance upon Code Ann. § 38-306 which provides that "[a]fter the fact of conspiracy shall be proved, the declaration by any one of the conspirators during the pendency of the criminal project shall be admissible against all." The state argues that the conspiracy was still pending and was in the concealment phase at the time Huckaby made the statement, in spite of the fact that he had been apprehended. Cf. *Chatterton v. State,* 221 Ga. 424 (5) (144 SE2d 726) (1965). The appellant, on the other hand, contends that the conspiracy was ended and that Code Ann. § 38-414 applies. It reads, "[t]he confession of one joint offender or conspirator, made after the enterprise is ended shall be admissible only against himself."

As Huckaby's statement was not a confession, Code Ann. § 38-414 has no application. However, the statement was inadmissible under Code Ann. § 38-306, since it implicated the appellant and since it was not accompanied by such "indicia of reliability" as "the

spontaneity of the statement and the fact that it was against the speaker's penal interest to make it." *Mooney v. State,* 243 Ga. 373 (3) (254 SE2d 337) (1979). Huckaby made the statement in response to his apprehension, and in an attempt to exculpate himself. See *Crowder v. State,* 237 Ga. 141 (227 SE2d 230) (1976). Thus, there is no reason for assuming the statement to be credible. See Dutton v. Evans, 400 U. S. 74 (91 SC 210, 27 LE2d 213) (1970). Despite all of this, however, the admission of the statement does not constitute reversible error, since Huckaby later appeared and testified for the state, thus making himself available for cross examination. See *Garvin v. State,* 144 Ga. App. 396 (1) (240 SE2d 925) (1977).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED JUNE 2, 1981.

*Edward Hine, Jr.,* for appellant.

*Larry Salmon, District Attorney, Stephen F. Lanier, Assistant District Attorney,* for appellee.