## 61602. DAVIS v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of theft by shoplifting property with a value in excess of $100. He appeals on the general grounds and also contends the trial court erred by allowing the state to call a rebuttal witness who the court would not allow to testify in the state's case in chief, and by denying appellant's motion for mistrial in connection therewith.

1. Appellant was observed by a store detective in Rich's department store taking merchandise from a stockroom in the store. The detective followed appellant down some fire stairs in the store and notified other store detectives by walkie-talkie of appellant's actions. Appellant went down to the first floor and when he discovered he was being followed, he dropped the merchandise and ran out of the store. Two store detectives followed appellant and apprehended him across the street in another store. Appellant was identified by two detectives as the person who entered the stockroom. Appellant denied being in Rich's and claimed his apprehension was a case of mistaken identity.

This court passes on the sufficiency of the evidence, not its weight, *Dillard v. State,* 147 Ga. App. 587, 588 (249 SE2d 640) (1978), as the weight of the evidence and credibility of witnesses are questions for the triers of fact. *Armour v. State,* 154 Ga. App. 740 (270 SE2d 22) (1980). We find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond reasonable doubt. *Armour,* supra.

2. In the state's case in chief a witness, Resmondo, was not permitted to testify because his name had not been included on the witness list furnished the defense as required by Code Ann. § 27-1403. After appellant testified that he had not been in Rich's the state was allowed, over objection, to call Resmondo in rebuttal; however, the court limited his testimony strictly to rebuttal of appellant's testimony that he was not in the store and was identified mistakenly. Appellant contends this was error, and denial of his motion for a mistrial on these grounds was also error. This contention has been decided adversely to appellant. *Nunnally v. State,* 235 Ga. 693, 707 (13) (221 SE2d 547) (1975). Further, the trial court offered to recess the court and allow appellant an opportunity to interview the witness

and take all the time he needed to prepare for cross-examination. We have held that this satisfies the purpose of § 27-1403. *Tippins v. State,* 146 Ga. App. 448, 449 (4) (246 SE2d 458) (1978). Accordingly, these enumerations are without merit.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JUNE 18, 1981 —
REHEARING DENIED JULY 9, 1981.

*R. Allen Hunt,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Charles R. Hadaway, Assistant District Attorneys,* for appellee.