64901. FRYER v. THE STATE.

SHULMAN, Chief Judge.
Appellant was convicted of theft of a motor vehicle.

1. During a colloquy with the trial court, one of the jurors requested a recharge on the law of recent possession of stolen property. The juror also began but did not finish a question concerning the burden of proof. Appellant now contends, although no note was taken of the question at trial, that the juror demonstrated confusion about the burden of proof and that the trial court erred in failing to correct the allegedly confused view of the burden of proof. We cannot agree.

To come to the conclusion reached by appellant, the incomplete question must be completed by the addition of words that were not spoken and by the assumption that the use of the pronoun "he" referred to appellant rather than to any of the other males present in the courtroom. We are not willing to fill in the blanks as appellant has

done and would have us do. Our review of the charge shows that the trial court clearly and emphatically placed the whole burden of proof on the state. We find no error in the charge as given.

2. Appellant's second enumeration of error concerns the overruling of an objection to a line of questioning being pursued by the state during cross-examination of appellant and the admission of documentary evidence proffered for the purpose of impeaching statements made by appellant during that cross-examination.

During the presentation of its case, the state introduced bench warrants issued against appellant when he failed to appear for scheduled hearings. The purpose of those exhibits was to show flight by appellant. On direct examination, appellant attempted to explain why he failed to appear at the hearings. On cross-examination, the following occurred:

"[By prosecuting attorney]

Q. Mr. Fryer, this first warrant was issued in October of 1980 and you weren't arrested from what you say here until September of 1981. Why didn't you come down and turn yourself in?

A. I wasn't able to do that at that time.

Q. Why weren't you able to do that?

A. Because I was being sought after.

Q. On these warrants?

A. No. It wasn't—yes. It was on those warrants; true enough. But it was another thing that I was being sought after that I didn't want to have any involvement in.

Q. And what was that?"

Appellant's counsel objected to the line of questioning as being outside the scope of legitimate cross-examination, but the objection was overruled. Appellant then testified that he stayed away and missed two court appearances and then failed to surrender himself because he was being sought for questioning in the investigation of the killing of the Bibb County District Attorney. After appellant rested, the state offered in rebuttal the convictions and sentences of the persons convicted for the murder of the district attorney. The purpose of introducing those documents was to impeach appellant's claim that the pendency of that investigation was the reason he did not return to face the charges against him. The documents showed that the murder case was concluded some five months before appellant's arrest.

Appellant's chief objection on appeal to the admission of that evidence is that it placed his character in issue. We find no error in that regard.

" 'Evidence, if otherwise admissible, does not become inadmissible because it incidentally put the appellant's character in

issue. (Cit.)' " *Grindle v. State,* 151 Ga. App. 164 (2) (259 SE2d 166). "The evidence contradicted appellant's testimony and was admissible for the purpose of impeachment. A criminal defendant is subject to impeachment, and he may be impeached by disproving the facts to which he testified. [Cits.]" *Laney v. State,* 159 Ga. App. 609, 612 (9) (284 SE2d 114).

3. During the presentation of the defense, appellant requested a continuance because of the absence of a witness. The refusal of the continuance is enumerated as error. Since there was no showing that the witness was ever served with a subpoena, the denial of the continuance was not an abuse of discretion. *Apgar v. State,* 159 Ga. App. 752, 754 (4) (285 SE2d 89).

4. The denial of appellant's motion for new trial is enumerated as error. Three of the four special grounds raised by the motion were dealt with in the first three divisions of this opinion. The fourth issue raised by appellant concerns affidavits attached to the motion which appellant argues would have required an acquittal if the evidence had been presented at trial.

Although the ground in support of which the affidavits were submitted was not expressly raised in the motion for new trial, appellant apparently submitted them as newly discovered evidence which would require a new trial. They do not function adequately in that office.

"The rules relating to the grant of a new trial based on newly discovered evidence are: (1) that the evidence has come to the knowledge of the moving party since the trial; (2) that it was not owing to the want of due diligence that the moving party did not acquire it sooner; (3) that it was so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness. [Cit.]" *Walters v. State,* 128 Ga. App. 232, 233 (196 SE2d 326).

The affidavits offered by appellant do not meet the first two rules. One affidavit was from a woman who swore that appellant spent with her the night on which the automobile was stolen. Appellant does not seriously contend that he was unaware of that evidence until after trial. The other affidavit also concerns matter of which appellant was aware at the time of trial since it was made by the witness who failed to appear at trial. The evidence offered in support of that motion for new trial was inadequate and the trial court did not err in denying the motion.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED JANUARY 18, 1983.

*John R. Francisco,* for appellant.
*Willis B. Sparks III, District Attorney, George F. Peterman III, Assistant District Attorney,* for appellee.