68049. PILCHER et al. v. THE STATE.

DEEN, Presiding Judge.

Appellants were among four men, all either brothers or cousins, tried jointly on a charge of criminal damage to property. All four were found guilty as charged and sentenced to three years' imprisonment, to be followed by two years' probation. They were required, additionally, to make restitution to the victim and to render 100 hours of community service. Appellants enumerate as error, in addition to the general grounds, the court's alleged admission of testimony which impermissibly placed defendants' character in issue; the court's failure to instruct the jury on eyewitness testimony; and the court's failure to grant a new trial on the bases of new evidence and ineffective assistance of trial counsel. *Held*:

1. We find appellants' enumeration of the general grounds to be without merit. Examination of the record and the transcripts reveals no error of law, and the evidence adduced at trial was sufficient to authorize a reasonable trier of fact to find appellants guilty beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hampton v. State,* 250 Ga. 805 (301 SE2d 274) (1983). "When reviewing a conviction on the general grounds, this court considers the sufficiency, not the weight, of the evidence." *Whitten v. State,* 143 Ga. App. 768, 771 (240 SE2d 107) (1977); *Rutledge v. State,* 142 Ga. App. 399 (236 SE2d 143) (1977).

2. Also without merit is the enumeration that appellants' characters were improperly placed in issue by the prosecutor's eliciting testimony regarding appellants' previous run-ins with the owner of the

damaged property. The challenged testimony reads as follows:

"Q. Mr. Nichols, have you ever had . . . any trouble with any of these Defendants prior to this occasion?

A. We had an argument about a year ago.

MR. GARSTIN: Object, your Honor —

THE COURT: Just a minute, what is the purpose of this testimony?

MR. HUNT: Your Honor, I intend to show that the Defendants had a motive or a bent of mind to commit these acts, to show a course of conduct."

It is clear that the challenged question was admissible for the purpose of establishing motive, and that *per se* it would not necessarily place appellants' characters in issue; after all, one who does not get along with his neighbors is not necessarily an immoral person. Moreover, it has long been the rule in Georgia that in a murder case, "evidence of recent prior difficulties between the defendant and the [victim] is admissible as shedding light on the state of feelings between the accused and the [victim] and showing motive." *Boling v. State*, 244 Ga. 825, 828 (262 SE2d 123) (1979); *Evans v. State*, 227 Ga. 571 (181 SE2d 845) (1971). We know of no reason why this rule should not be extended to any crime which, like the "shoot-up" in the instant case, involves conduct which results in or might result in death or grievous bodily harm to the targets or victims of the conduct. In the instant case, the assailants shot indiscriminately into the victim's house, yard, and outbuildings, and it was merely fortuitous that none of the bullets struck the victim or his wife or children. We hold, therefore, that the challenged testimony was properly admitted for the purpose stated in open court.

Furthermore, the court expressly instructed the jury to consider the challenged testimony only as it shed light upon the question of motive and not as to the truth or falsity of the facts stated by the witness, and expressly to disregard the witness' expression of opinion:

"THE COURT: Members of the Jury, the Court will allow this testimony for the limited purpose of casting light . . . on the question of motive . . . For no other purpose is this testimony admitted. It's not admitted for the purpose of establishing the truth or falsity of the facts stated by the witness." When the witness then responded to the question with an expression of opinion as to why his house rather than his brother's had been the target, the court sustained defense counsel's objection and stated as follows: "The Jury will disregard the statements of the witness as to his opinion. The conclusion . . . is for the Jury to draw. The Court will caution [the witness] not to express your opinion . . . unless specifically asked for."

Even if, *arguendo*, the challenged testimony had the incidental effect of placing appellants' characters in issue, it is well settled that

evidence otherwise admissible is not rendered inadmissible because it incidentally places the defendant's character in issue. *Wyatt v. State*, 206 Ga. 613 (57 SE2d 914) (1950); *Boling v. State*, supra. The court did not err in admitting the testimony.

3. The record reveals no request for a jury instruction on eyewitness testimony, and, moreover, appellant shows no harm resulting from the omission of such an instruction. Even, *arguendo*, had the omission been error, reversal of the judgment would not be authorized absent a showing of resultant prejudice. *Dill v. State*, 222 Ga. 793 (152 SE2d 741) (1966); *McKenney v. State*, 163 Ga. App. 545 (295 SE2d 217) (1982).

4. Neither ground urged in support of appellants' motion for a new trial was such as to require that the court grant the motion. The primary basis on which appellants alleged ineffective assistance of counsel was defense counsel's failure to subpoena certain alibi witnesses whose names appellants had supplied. The record discloses that testimony tending to establish an alibi defense was proffered at trial; the testimony of other witnesses to the same effect, therefore, would have been cumulative. It is not error to exclude evidence that is merely cumulative of other evidence actually introduced at trial. *Wilbanks v. State*, 165 Ga. App. 876 (303 SE2d 144) (1983); *Jackson v. State*, 143 Ga. App. 734 (240 SE2d 180) (1977). Moreover, as the court remarked at the hearing on the motion for new trial, the fact that appellants had apparently from time to time given defense counsel conflicting accounts of their whereabouts at the crucial time would tend to make counsel doubt the necessity or the wisdom of subpoenaing alibi witnesses.

Appellant cites as additional examples of defense counsel's ineffectiveness his failure to file certain motions and to request certain jury charges. Like the decision not to subpoena certain witnesses, this is essentially a matter of trial strategy. It is well settled that decisions as to trial strategy are within the discretion of counsel, and the fact that the defendant disagrees with the decision or that another attorney might have exercised a different judgment does not in and of itself mean that the defendant was denied effective assistance of counsel. *Pitts v. Glass*, 231 Ga. 638 (203 SE2d 515) (1974). This enumeration is without merit.

5. A motion for new trial based on newly discovered evidence should be granted only if certain criteria are met. See *Bell v. State*, 227 Ga. 800 (183 SE2d 357) (1971); *Fryer v. State*, 165 Ga. App. 157 (299 SE2d 884) (1983); *Walters v. State*, 128 Ga. App. 232 (196 SE2d 326) (1973). Since the transcript of the motion for new trial reveals that the alleged "new evidence" involved retractions of the prior sworn testimony of certain defendants regarding one another's activities relative to the offense charged, we find that the accepted stan-

dards were not met and that the court did not err in refusing to grant a new trial on the basis of such "evidence."

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED APRIL 2, 1984 —
REHEARING DENIED MAY 11, 1984.

*J. Richardson Brannon*, for appellants.
*Bruce L. Udolf, District Attorney*, for appellee.