## 70582. ROBINSON v. THE STATE.
(335 SE2d 2)

BENHAM, Judge.

This appeal is from appellant's conviction for possession of cocaine.

1. Appellant's first enumeration of error is directed at the denial of his motion to suppress. The evidence at the hearing on that motion disclosed that a deputy sheriff received a call from a Georgia State Patrol radio operator informing him that two men in a green station wagon had just attempted to sell cocaine at a service station and had then headed east on I-20. The deputy was located at the next exit and waited there for the vehicle to pass. When it did, he followed. After observing that the vehicle was exceeding the speed limit, and after waiting for a back-up unit to be in position to assist, the deputy pulled the vehicle over. The driver and appellant were required to exit the vehicle and lie down while they were searched and handcuffed. Both arrestees were then placed in the deputy's car until the arrival of an investigator who had been summoned by the deputy. The investigator directed the deputies to search the car, resulting in the discovery of a small quantity of marijuana on the floor and a quantity of cocaine in the glove compartment.

We find those facts sufficient to show probable cause for the stop, arrest, and search. *Williams v. State*, 173 Ga. App. 207 (1) (325 SE2d 783) (1984). The denial of the motion to suppress was not error.

2. The denial of appellant's motions for directed verdict, made at the close of the state's evidence and the close of all the evidence, is the subject of appellant's second and third enumerations of error.

The evidence at trial was essentially the same as that at the motion to suppress hearing with the addition of the testimony of the service station operator to whom appellant allegedly offered the cocaine. That witness positively identified appellant as the person who offered to barter cocaine for oil. That testimony was sufficient to take this case outside the equal access rule of *Elrod v. State*, 128 Ga. App. 250 (1) (196 SE2d 360) (1973). Since there was more evidence con-

necting appellant with the cocaine than his mere presence in the car in which it was found, there was no error in denying appellant's motions for a directed verdict. *Fears v. State*, 169 Ga. App. 172 (312 SE2d 174) (1983). The evidence at trial was sufficient to authorize a rational trier of fact to find appellant guilty of the offense charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Benson v. State*, 172 Ga. App. 135 (322 SE2d 339) (1984).

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 6, 1985.

*Jack E. Boone, Jr., Michael C. Garrett*, for appellant.
*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.