## 71969. HILL v. THE STATE.
(344 SE2d 763)

McMurray, Presiding Judge.

The defendant was convicted of selling marijuana and now appeals. *Held*:

In his only enumeration of error the defendant argues that the evidence was not sufficient to support the verdict. The evidence presented at trial, construed most favorably in support of the verdict showed that on October 10, 1984, Special Agent Bruce Miller of the Georgia Bureau of Investigation, together with a confidential informant, met with the defendant at defendant's home in Albany, Georgia. Agent Miller sought to purchase some marijuana from the defendant. The defendant stated that he was waiting for someone to bring over some high grade Colombian marijuana and that it would be $65 an ounce. The defendant also told the officer that he had been in business "in a big way a while back and that . . . people had been . . . ripping him off." Agent Miller and the informant waited for the marijuana to arrive. After approximately twenty minutes Agent Miller told the defendant that he "had some things to do and [he] would come back in about an hour." At trial, Agent Miller described what happened when he returned to the defendant's house. "[W]e came back and it was about 8:40 P.M. and I drove up in the driveway and as soon as I drove up . . . [the defendant] was outside; I didn't get out of the car and neither did the [confidential informant. The defendant] was in his wheel chair and he came over . . . [The defendant] rolled up to the door before I could open the door and I saw that there was no sense in getting out and he had the marijuana in his hand . . . he had the marijuana in a plastic sandwich-type bag like a Glad sandwich bag and he handed me the marijuana and I reached out and grabbed it from him . . . I handed him $65 of official State funds." A scientist with the Georgia State Crime Laboratory in Moultrie, Georgia, testified that the substance which she received from Agent Miller was 20.7 grams of marijuana.

Defendant's evidence was diametrically opposed to the evidence introduced by the State. Defendant and another witness testified that defendant was not a participant in the sale. While there are conflicts in the evidence, we find that the evidence adduced at trial was sufficient to enable a rational trier of fact to find the defendant guilty of the offense of selling marijuana beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Robinson v. State*, 175 Ga. App. 848 (335 SE2d 2).

*Judgment affirmed. Carley and Pope, JJ., concur.*

*Terry T. Marlowe*, for appellant.

*Hobart M. Hind, District Attorney, L. Earl Jones, Assistant District Attorney*, for appellee.