## 72232. FIELDS v. THE STATE.
(345 SE2d 662)

BANKE, Chief Judge.

The defendant appeals his convictions of rape and burglary. *Held:*

1. The defendant's initial enumeration of error is directed to the admission of certain photographic identification evidence, as well as the victim's in-court identification testimony, on the ground that the photographic identification procedure was impermissibly suggestive.

Although the defendant argues that his driver's license was shown to the victim prior to her identification of him from the photograph lineup, the officer who set up the display denied this, and the victim testified that she had no recollection of ever having seen the license. Moreover, the victim testified at trial that her identification of the defendant was based on having seen him in her home for about half an hour, during daylight hours, when the offenses occurred. She did not testify, nor was she questioned, concerning any possible influence the photographic display may have had on her in-court identification. Therefore, even assuming arguendo that the display was suggestive, "there was no evidence that the in-court [identification was] in any way influenced by it." *Woods v. State,* 165 Ga. App. 39 (299 SE2d 97) (1983).

2. The trial court did not err in admitting in evidence a ten, a five, and a one dollar bill taken from the defendant's person when he was arrested. Three bills of the same denomination were taken from the victim on the day the offenses occurred. Furthermore, the bills were admitted into evidence without objection, thus precluding appellate review of the issue. See generally *Jackson v. State,* 154 Ga. App. 411 (4) (268 SE2d 749) (1980).

3. Several months after the defendant's arrest, his counsel wrote a letter to a police investigator requesting that he, or some member of the department, "take hair, semen, or blood samples from [the defendant] and compare them with the samples that were removed from the victim and taken to the crime lab." The jury was allowed to hear

testimony concerning the fact that this request had been made. However, the trial court refused to admit the letter in evidence or to allow it to go out with the jury. The defendant contends this constituted reversible error.

The apparent relevance of the letter was to establish the defendant's willingness to have the comparisons made, a fact adequately established through the testimony of the investigator. Consequently, the letter was cumulative of other evidence. Thus, assuming arguendo that the court erred in refusing to admit the letter, we consider the error to have been harmless as a matter of law. See generally *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED MAY 15, 1986.

*Orion L. Douglass*, for appellant.

*Harry D. Dixon, Jr.*, District Attorney, *George Barnhill*, Assistant District Attorney, for appellee.