74837. WARREN v. THE STATE.
(363 SE2d 357)

BEASLEY, Judge.

A jury convicted Warren of the rape, OCGA § 16-6-1, and aggravated sodomy, OCGA § 16-6-2, of his wife. See *Warren v. State*, 255 Ga. 151 (336 SE2d 221) (1985) which held that there is no marital exemption under either the rape statute or the aggravated sodomy statute. This appeal follows denial of his amended motion for new trial.

1. In his first enumeration of error, Warren claims that he was denied a fair trial and due process in violation of the federal and state constitutions as well as USCR 10.2 and 22 "by reason of the constant interruptions of the actual trial proceedings by the media during the presentation of evidence at trial." However, his argument in brief on appeal is solely in regard to one incident following the state's opening and the court's refusal to grant a mistrial because of it.

At the conclusion of the prosecution's opening statement, an attorney representing the Atlanta Journal and Constitution newspapers rose and asked to address the court regarding a subpoena. The court told the attorney to come around and stated that, "[t]his doesn't have anything to do with the opening statement directly in this case, so I'll ask the jury to just step to the jury room for a moment and do not discuss anything about the case, . . ." The jury retired from the

courtroom.

The attorney moved to quash the subpoena on several grounds, including that defendant had just served it on the papers' reporter who was covering the trial and had previously covered the case. Argument was presented by the state and by defense counsel, the court ruled, the newspapers' attorney made two additional motions, which the court denied, and the state made a motion, which was also denied. The jury was brought back and the court told defense counsel that he might open for the accused, which he did.

Defendant did not lodge an objection or make any motion to the court regarding the interruption and the consequent delay of his opening statement but rather thanked the court and proceeded.

It was not until the next day of the trial and after eight witnesses had testified that defendant moved for a mistrial based, inter alia, on the interruption between the two opening statements. "[A] motion for mistrial not made contemporaneously with the alleged misconduct makes the motion not timely. [Cits.]" *Flynn v. State*, 255 Ga. 415, 419 (6) (a) (339 SE2d 259) (1986). Therefore, we have nothing further to consider in this regard, and we simply note that the interruption was occasioned by defendant's action in serving the subpoena during the opening proceedings.

2. Appellant next urges that the court erred in refusing to admit into evidence as a defense exhibit a police report indicating that the initial call to the authorities was a request to respond to a fight and not a rape, and in refusing to allow testimony about the police report. The rationale advanced is that the testimony would have demonstrated to the jury that "the initial outcry to the police responding to the victim's original call was not an allegation that she had been raped . . ."; that it was admissible as part of the res gestae, admissible and relevant "in that this original report would tend to disprove a material fact at issue in the [i]ndictment," and admissible for impeachment of the victim.

Assuming that the document and testimony were admissible as legally relevant and material, there was no harm to the defendant here by the exclusion because the same defense point, i.e., that a fight and not a rape was initially reported, was presented to the jury by other means. *Fields v. State*, 179 Ga. App. 116, 117 (3) (345 SE2d 662) (1986). The victim testified that when she went to the police station and then a judge's office for a warrant she told the judge that her husband beat her up, ripped her clothes off, and forced sex on her, and that she never said the word "rape" because she did not know she had a right to. The police report was cumulative of other evidence, and any error in excluding it was harmless as a matter of law. Id.; *Wells v. State*, 177 Ga. App. 419, 421 (2) (339 SE2d 392) (1986).

3. Appellant further contends that the trial court erred in al-

lowing the state, over objection, to place his character into evidence by soliciting such testimony through direct examination of its witnesses.

a). Warren complains that the victim was improperly allowed to testify about prior marital conflicts. No objection was made. Later in the prosecutrix' testimony, defendant lodged a hearsay objection to the woman's relating what a lawyer had advised her about obtaining a divorce. As to the former, however, by failing to object contemporaneously with the testimony, defendant waived any claim of error in its admission. *Cape v. State*, 246 Ga. 520, 524 (5) (272 SE2d 487) (1980).

b). Substantially later in the victim's testimony, she stated that she was scared of Warren because he had been threatening her life and that of her son. Defendant objected and moved for a mistrial on the basis that the testimony regarding threats to kill was inflammatory and prejudicial and impermissibly placed his character into issue. The court overruled the motion.

We find no abuse of the trial court's discretion. *Sims v. State*, 243 Ga. 83, 86 (4) (252 SE2d 501) (1979). The testimony was admissible to show " 'evidence of recent prior difficulties between the defendant and the [victim]. [It was] admissible as shedding light on the state of feelings between the accused and the victim. . . .' [Cits.]" *Pilcher v. State*, 170 Ga. App. 869, 870 (2) (318 SE2d 640) (1984). The state of feelings between the then husband and wife was clearly relevant because the issue was whether the subject sex acts were forced or consensual. "[E]vidence otherwise admissible is not rendered inadmissible because it incidentally places the defendant's character in issue." Id.

c). Warren further urges that testimony elicited from a state's witness to the effect that he was extremely jealous of his wife and did not like any of her friends or family improperly placed his character in issue. Prior to this, defendant had unsuccessfully objected to the state's asking the witness to describe the Warrens' marriage on the basis that it called for a conclusion. Shortly after the testimony enumerated as error, a hearsay objection was raised but there was no objection on the basis now urged; therefore appellant has waived our consideration of it. *Cape v. State*, supra.

d). Warren also now takes issue with the prosecutrix' testimony that during the marriage he worked only irregularly. Since no objection was registered and no ruling was invoked, there is no action by the trial court for us to review.

e). Lastly in this regard, appellant cites as objectionable testimony of the police officer who initially spoke to the victim. He testified that the victim advised him there were some guns at the marital residence that she wanted to have picked up for safekeeping. At trial, defendant objected to this testimony solely on the bases that it was

irrelevant to the events on trial and prejudicial. " '[W]here the objection argued below is not argued here it is abandoned and where an entirely different objection is presented on appeal, we cannot consider it because this is a court for review and correction of error committed in the trial court.' [Cit.]" *Hagger v. State*, 179 Ga. App. 16 (2) (345 SE2d 118) (1986). Moreover, it stretches its nature beyond its elasticity to infer that it brought into issue defendant's character.

4. Appellant enumerates that the court erred in allowing the state to make improper comments during the trial with regard to his character, especially in closing argument, in violation of OCGA § 17-8-75. Several portions of the state's closing are cited, but defendant made no objection to these portions of the argument at trial. They cannot now be raised for the first time. See *Spivey v. State*, 253 Ga. 187, 191 (4) (319 SE2d 420) (1984). The only objection to the state's closing lodged at trial concerned a segment of argument which defendant has not pursued on appeal.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 30, 1987.

*L. David Wolfe*, for appellant.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Assistant District Attorney*, for appellee.