A89A2235. REEVES v. THE STATE.
(391 SE2d 35)

BEASLEY, Judge.

Defendant was convicted of possessing cocaine, OCGA § 16-13-30 (a), and failing to give a turn signal, OCGA § 40-6-123.

1. Error is assigned to the admission of testimony of two officers concerning statements defendant's wife made while they were both in

custody.

When Reeves was stopped for a traffic violation, the state patrolman suspected him of driving under the influence and administered an alcosensor test. The officer saw the neck of a beer bottle under the passenger seat where Reeves' wife was seated and, upon closer observation, a small quantity of crack cocaine. Another male and the couple's two infants were in the back seat. The Reeveses gave conflicting accounts of where they had just come from. The patrolman radioed for backup help, arrested the adults and transported all the car occupants to the sheriff's office.

According to the patrolman, after strip searching the two males he heard signs of an altercation from the bathroom where a female officer was searching defendant's wife. He arrived in time to retrieve a small packet of cocaine from the toilet where defendant's wife had thrown it after it was discovered in one of the baby's diapers. As the wife was being led out, she ran towards the two males and screamed: "You tell them I had nothing to do with it. Y'all tell them it's yours. You tell him I didn't have nothing to do with it."

The female deputy testified to basically the same facts, relating that the wife exclaimed: "Tell them it's not mine. You better tell them it's yours, it's yours."

The co-defendant wife did not testify at her husband's trial. Defendant argues that the testimony by the two witnesses was hearsay which should have been excluded because it violated his Sixth Amendment right to confrontation. See *Price v. State*, 239 Ga. 439, 442 (2) (238 SE2d 24) (1977); *Boswell v. State*, 158 Ga. App. 727 (282 SE2d 196) (1981). When the patrolman testified and related what his wife said, defendant objected twice merely that it was hearsay. When the female deputy recounted what the wife said in defendant's presence, no objection was interposed. No Sixth Amendment right was invoked. Nor were the limitations implicit in OCGA §§ 24-3-5 or 24-3-52 called upon.

No reversible error appears for two reasons. One, the testimony was not subject to the objection urged at trial. "A witness may testify as to what he saw and heard in the defendant's presence." *Moore v. State*, 240 Ga. 210, 212 (2) (240 SE2d 68) (1977). Accord *Sosebee v. State*, 190 Ga. App. 746, 750 (6) (380 SE2d 464) (1989); *Chambers v. State*, 183 Ga. App. 874, 875 (2) (360 SE2d 438) (1987); *Green v. State*, 175 Ga. App. 849, 850 (1) (335 SE2d 4) (1985); *Broome v. State*, 141 Ga. App. 538, 540 (2) (233 SE2d 883) (1977); *Hall v. State*, 141 Ga. App. 289, 290 (2) (233 SE2d 262) (1977). Second, defendant failed to object when substantially identical testimony was given by the deputy. *Chambers*, supra; *Green*, supra.

2. The evidence adduced at trial when viewed in favor of the verdict was sufficient for a rational trier of fact to find defendant guilty

beyond a reasonable doubt. *Lewis v. State,* 186 Ga. App. 349, 350 (1) (367 SE2d 123) (1988); *Robinson v. State,* 175 Ga. App. 848 (2) (335 SE2d 2) (1985).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 15, 1990.

*Paul Fryer,* for appellant.
*J. Brown Moseley, District Attorney,* for appellee.