### S94G1010. JARRETT v. THE STATE.
(453 SE2d 461)

HUNSTEIN, Justice.

Jarrett was convicted of driving under the influence and other motor vehicle violations while operating a motorcycle. According to the stipulated trial transcript, the arresting officer did not observe Jarrett operating the vehicle and when questioned by the officer at the scene, Jarrett denied driving the motorcycle. However, Jarrett's nephew informed the officer at the scene of the arrest in Jarrett's presence that Jarrett had been driving. Jarrett made no response to his nephew's statement. Although the nephew was not present at trial, the trial court nevertheless ruled, over objection, that any statement made by the nephew in the presence of Jarrett would be admissible as an exception to the hearsay rule. The Court of Appeals affirmed in *Jarrett v. State*, 212 Ga. App. 381 (441 SE2d 843) (1994) and we granted certiorari.

1. The Court of Appeals concluded that the trial court did not err in admitting the testimony of the officer as to the declaration of the nephew in reliance on those cases which hold that the acquiescence or silence of a defendant constitutes a tacit admission and that it is therefore permissible for a witness to testify as to what he saw and heard while in the presence of the defendant even though the declarant is not present at trial and subject to cross-examination. See, e.g., *Reeves v. State*, 194 Ga. App. 539 (1) (391 SE2d 35) (1990), relying on *Moore v. State*, 240 Ga. 210 (2) (240 SE2d 68) (1977); *Broome v.*

*State*, 141 Ga. App. 538 (2) (233 SE2d 883) (1977). See also OCGA § 24-3-36 which provides that "[a]cquiescence or silence, when the circumstances require an answer, a denial, or other conduct, may amount to an admission."

However, we have been critical in other contexts of instances where a defendant's failure to reply or to deny guilt is commented upon. In *Mallory v. State*, 261 Ga. 625 (5) (409 SE2d 839) (1991), while recognizing that evidence of a defendant's silence was not precluded by federal constitutional law, see *Fletcher v. Weir*, 455 U. S. 603 (102 SC 1309, 71 LE2d 490) (1982) (no due process violation to permit cross-examination as to post-arrest silence when defendant takes stand), and while acknowledging our own hearsay exception codified at OCGA § 24-3-36, we nevertheless held that under our state law the high degree of potential prejudice of any comment upon a defendant's silence or failure to come forward far outweighs its minimal probative value and will not be allowed. *Mallory*, supra at 630 (5). The rule promulgated in *Mallory* is consistent with the extensive criticism leveled by several commentators at *any* rule which allows a comment upon a criminal defendant's silence. See Agnor's Georgia Evidence, § 11-9 (3d ed. 1993); McCormick on Evidence, § 160 (4th ed. 1992). Because we can conceive of no legitimate distinction between the admission condemned in *Mallory* and the admission in the present case, we now conclude that a witness in a *criminal* trial may not testify as to a declarant's statements based on the acquiescence or silence of the accused. Accordingly, those cases relied on by the Court of Appeals which hold to the contrary are hereby overruled. Compare *Faircloth v. State*, 253 Ga. 67 (3) (316 SE2d 457) (1984) (noting that inadmissible hearsay testimony is rendered harmless only where it is cumulative of testimony by declarant available for cross-examination).

2. However, no reversible error exists for the reason that the testimony by the officer as to what was said by the nephew was admissible, not as an impermissible comment upon Jarrett's silence, but as part of the res gestae, another well-recognized exception to the hearsay rule. Res gestae is defined in OCGA § 24-3-3 as "[d]eclarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought." The term res gestae refers to contemporaneous declarations which are "truly spontaneous and voluntary, made at a time near enough and under circumstances reasonably to preclude any suggestion of deliberate design." *Walls v. State*, 166 Ga. App. 503, 505 (3) (304 SE2d 547) (1983). Here the stipulated facts show the trustworthiness of the statement in that the nephew informed the officer that Jarrett had been operating the motorcycle soon after the occurrence of the contested act. This statement was sufficiently contemporaneous to be a

part of the res gestae and was therefore admissible.

Inasmuch as we find no error in the trial court's admission of the officer's statement relating what the nephew said at the scene regarding Jarrett's role in the crime, the decision of the Court of Appeals is, therefore, affirmed.

*Judgment affirmed. All the Justices concur, except Fletcher and Sears, JJ., who dissent as to Division 2 and the judgment.*

DECIDED FEBRUARY 20, 1995.

*Thomas N. Brunt,* for appellant.

*Thomas J. Campbell, District Attorney, Mickey R. Thacker, Assistant District Attorney,* for appellee.