## A98A1487. DAWSEY v. THE STATE.
(507 SE2d 786)

SMITH, Judge.

Joseph James Dawsey was convicted of the offenses of aggravated battery upon a police officer and obstruction of an officer. Sentence was entered on these charges. Dawsey moved for new trial based in part on the trial court's failure to instruct the jury that knowledge by the defendant that the victim was a police officer was an essential element of aggravated battery on a law enforcement officer. Apparently finding this contention to have merit, the trial court later resentenced Dawsey for the offense of aggravated battery but denied Dawsey's motion for new trial as to all other grounds. Dawsey appeals. We find no error, and we affirm.

1. Dawsey contends the trial court erroneously failed to grant his motion for directed verdict. We do not agree. Construed to uphold the verdict, evidence was presented that Deputy John Daniel of the Worth County Sheriff's Department responded to a domestic violence call at a trailer park on the night of December 6, 1996. He parked at the trailer lot next to the lot where the disturbance had occurred, and

---

a man ran toward him stating, " '[T]he guy over there is crazy, he done tried to beat me up.' " Daniel testified that he shined his flashlight in the direction pointed out by this individual and saw Dawsey coming from behind a tree. Because Daniel believed Dawsey would harm the other man at the scene, he said, " '[W]hoa, man, whoa, what's going on?' " He shined his flashlight on Dawsey and asked, " '[W]here's the gun?' " Dawsey then jumped on Daniel, and the two began fighting. Dawsey, who was acting like a "wild man," pinned Daniel to the ground, restrained the hand Daniel was using to hold his pistol, and bit Daniel's cheek; Daniel testified that Dawsey "latched onto" his face, and an officer who was dispatched to the scene to assist Daniel observed "a large piece of meat hanging out of his face." Daniel also "received a black eye when [Dawsey] tried to gouge [his] eyes out."

Dawsey contends a directed verdict was required because the State failed to prove that the victim was identified as a peace officer or that Dawsey had any reason to know that the victim was a peace officer. This argument is moot because the trial court resentenced Dawsey to the lesser offense of aggravated battery. But even assuming that the trial court had not resentenced Dawsey, denial of Dawsey's motion was authorized. The evidence was sufficient to establish that Dawsey should have known Daniel was a police officer, as evidence was presented that Daniel was in uniform on the night of the incident.[1] See generally *Chandler v. State*, 204 Ga. App. 816, 822 (4) (421 SE2d 288) (1992).

2. For the same reasons argued by Dawsey in his enumeration concerning the trial court's denial of his motion for directed verdict, he also argues that the evidence was insufficient to permit a rational trier of fact to find him guilty of the crimes charged against him. For the reasons discussed in Division 1, we find no merit in this argument.

3. Dawsey enumerates as error the trial court's refusal to admit his testimony concerning the alleged identity of a substance he drank prior to the altercation with Daniel. At trial Dawsey testified, stating that he and a man named Michael Thrower, whom he had not met prior to December 6, 1996, went inside the trailer of Michael Morris. Dawsey testified that the three of them smoked marijuana and that he inhaled a line of cocaine. He stated that Morris then poured each man a drink he claimed to be bourbon, which Dawsey drank.[2] According to Dawsey, he and one of the two men began "rassling" outside, a

---

[1] One of the officers dispatched to the scene after Daniel called for assistance testified that upon his arrival he saw blood on Daniel's cheek and uniform.

[2] Morris testified, denying that Dawsey came into his trailer, participated in any drug activity involving marijuana or cocaine, or was given any "mushroom tea."

"flash" hit him in the face, and he "just went after the flash." He claims on appeal that his sole defense was that his assault on Daniel, which occurred after he drank the beverage, resulted from involuntary intoxication. At trial, he sought to testify that Michael Thrower told him after the incident that the drink he ingested was "mushroom tea," which, according to Daniel's testimony, is a hallucinogen. The trial court sustained the State's objection to this testimony based on hearsay grounds.

(a) Dawsey argues the statement was admissible on the basis of necessity, an exception to the hearsay rule permitting "the admission of hearsay when the declarant is unavailable and there exists a circumstantial guaranty of the trustworthiness of the offered evidence." (Citation and punctuation omitted.) *Livingston v. State*, 268 Ga. 205, 211 (486 SE2d 845) (1997). But Dawsey did not seek admission of this statement on the basis of necessity at trial, and our law is well settled that "[g]rounds which may be considered on motion for new trial or on appeal are limited to those which were raised at trial." (Citations and punctuation omitted.) *Wilson v. State*, 227 Ga. App. 59, 63 (3) (488 SE2d 121) (1997).

Moreover, even if Dawsey had properly argued as ground for admission the necessity of Thrower's alleged statement, we cannot say that reversal is required. The jury learned from Dawsey himself that the substance he ingested could have been mushroom tea. He testified twice that he thought the drink "was some alcohol, not mushroom tea" or "a drug." And evidence was presented that mushroom tea is a hallucinogen. Even assuming arguendo that error occurred, Thrower's alleged statement was therefore cumulative of other evidence admitted without objection at trial, and the error was harmless. See generally *Fields v. State*, 179 Ga. App. 116, 117 (345 SE2d 662) (1986).

(b) Dawsey also relies on cases such as *Reeves v. State*, 194 Ga. App. 539 (391 SE2d 35) (1990), for the proposition that "[a] witness may testify as to what he saw and heard in the defendant's presence." (Citations and punctuation omitted.) Id. at 540.[3] But the statement Dawsey sought to introduce was not that of a third party who heard a statement in Dawsey's presence. It was instead, Dawsey's self serving allegation concerning a statement he claimed he heard.

4. Dawsey contends he was denied effective assistance of counsel by trial counsel's failure to make an offer of proof when the trial court excluded as hearsay his testimony concerning the substance he ingested. He argues that his counsel "made no attempt to make an

---

[3] We note that *Reeves* and other cases were modified by *Jarrett v. State*, 265 Ga. 28 (453 SE2d 461) (1995) insofar as they stood for the proposition that the acquiescence or silence of a defendant constitutes an admission.

offer of proof as to what evidence he sought to place before the jury to allow the trial court to make an informed ruling."

To show that trial counsel was ineffective, an appellant must show both that counsel's performance was deficient and that the deficiency so prejudiced his defense that a reasonable probability exists that the outcome of trial would have been different but for the deficiency. *Hassan v. State*, 231 Ga. App. 783, 784 (500 SE2d 644) (1998). See also *Mency v. State*, 228 Ga. App. 640, 642 (2) (492 SE2d 692) (1997). Assuming without deciding that trial counsel's performance was deficient in that he failed to make an offer of proof concerning the necessity exception to the hearsay rule, Dawsey has not shown that he was prejudiced by this failure. As discussed in Division 3 (a), evidence was introduced that Dawsey did not know that the substance he drank was mushroom tea. The State also presented evidence that mushroom tea is a hallucinogen. Furthermore, the record is replete with references to Dawsey's unusual behavior after he drank the substance, and evidence was presented that this behavior was consistent with an individual under the influence of a drug. Evidence of Dawsey's involuntary intoxication was presented, and the jury nevertheless found Dawsey guilty. We therefore cannot say that a new trial is warranted on the basis of ineffective assistance of counsel.

*Judgment affirmed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 28, 1998.

*L. Clark Landrum*, for appellant.
*C. Paul Bowden, District Attorney, Nancy G. R. Smith, Assistant District Attorney*, for appellee.