## A11A0109. BENN v. THE STATE.
(710 SE2d 587)

ANDREWS, Judge.

Gerald Lewis Benn was tried before a jury on a multi-count indictment and found guilty of (Count 1) aggravated battery upon a peace officer engaged in the performance of official duties; (Count 2) aggravated assault with intent to murder upon the same peace officer engaged in the performance of official duties; (Count 3) aggravated assault with a deadly weapon upon the same peace officer engaged in the performance of official duties; (Count 4) possession of a firearm during the commission of aggravated assault upon the same peace officer; (Count 5) robbery by sudden snatching against a second victim; (Count 6) aggravated assault with a deadly weapon upon the second victim; (Count 7) possession of a firearm during the commission of aggravated assault upon the second victim; (Count 8) aggravated assault with a deadly weapon upon a third victim; (Count 9) possession of a firearm during the commission of aggravated assault upon the third victim; and (Count 11) fleeing or attempting to elude a police officer. The guilty verdict on Count 2 was vacated when the trial court merged Count 2 into Count 1 during sentencing.

On appeal from the judgment of conviction entered on the nine remaining counts, Benn claims: (1) that the evidence was insufficient as to Counts 1 and 3 because the State failed to prove that he knew the victim named in those counts was a peace officer; (2) that the trial court erred by failing to merge Counts 1 and 3; and (3) that the trial court erroneously re-opened the evidence to allow the State to present additional evidence on Counts 6 and 7. We find no error and

affirm.

Construed in favor of the guilty verdicts, the State's evidence showed the following: While out one night, Benn and his fiancée had an argument about their relationship. Benn became angry, accosted his fiancée, and after a brief struggle snatched the diamond engagement ring off her finger. Benn left his fiancée where the altercation occurred and drove back to his house where they lived together. The fiancée called her daughter and the police and explained what happened to a uniformed Clayton County police officer who responded to the call. The fiancée then drove to the house with her daughter, followed by the police officer. Accompanied by her daughter and the police officer, the fiancée entered the house for the purpose of retrieving some belongings and leaving. Benn testified that, because he expected trouble, he was waiting at his house with a loaded revolver and shotgun. After the fiancée, daughter, and uniformed police officer entered the house, Benn confronted them and started screaming at the fiancée while hiding the revolver behind his back. The police officer saw the shotgun leaning up against a door and started to move in that direction to place herself between Benn and the shotgun. When Benn saw the officer move toward the shotgun, he immediately moved toward the officer, pointed the revolver at her, and fired two shots. The first bullet grazed across the officer's back, and the second bullet hit the officer in the chest and partially penetrated her body armor vest. Benn immediately chased and fired several shots at the fiancée and daughter as they fled to a neighbor's house. Although the second bullet fired at the officer gouged a deep wound in her chest, she was able to call fellow officers for help and describe Benn's vehicle as he sped away from the scene. Benn fled from but was captured by other Clayton County police officers pursuing him in marked police cars with flashing lights and sirens at speeds over 90 miles per hour. As a result of the bullet wound, the police officer underwent reconstructive procedures, including a skin graft, and suffered permanent scarring.

1. The State produced evidence that Benn fired the shots at a uniformed police officer. Contrary to Benn's contention, the evidence was sufficient for the jury to find beyond a reasonable doubt that Benn knew the victim in Counts 1 and 3 was a peace officer. *Dawsey v. State*, 234 Ga. App. 540, 541 (507 SE2d 786) (1998).

2. Contending that the offenses merged, Benn claims the trial court erred by convicting and sentencing him for aggravated battery upon a peace officer in Count 1, and for aggravated assault with a deadly weapon upon the same peace officer in Count 3. There was no merger and no error in convicting and sentencing Benn for both offenses.

One method of committing the offense of aggravated battery is to maliciously cause bodily harm to a victim by seriously disfiguring the victim's body. OCGA § 16-5-24 (a). Count 1 charged that Benn committed the offense of aggravated battery on a peace officer by causing the officer to suffer a seriously disfiguring scar as a result of the bullet wound to her chest. One method of committing the offense of aggravated assault is to assault a victim with a deadly weapon. OCGA § 16-5-21 (a) (2). Count 3 charged that Benn committed the offense of aggravated assault by shooting the peace officer with a revolver. Because Benn fired two shots at the peace officer in quick succession without any "deliberate interval" between the shots, this constituted only one act of assault, not two acts. *Coleman v. State*, 286 Ga. 291, 294-295 (687 SE2d 427) (2009). Accordingly, the same conduct by Benn provided the evidence sufficient to support the guilty verdicts on Counts 1 and 3.

Under OCGA § 16-1-7 (a) (1),

> [w]hen the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if . . . [o]ne crime is included in the other. . . .

Under OCGA § 16-1-6 (1), one crime is "included in" another crime where " '(i)t is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of (the other crime).' " *Drinkard v. Walker*, 281 Ga. 211, 213 (636 SE2d 530) (2006). To determine under OCGA § 16-1-6 (1) whether the criminal provisions in Counts 1 and 3 merged because one is included in the other, we apply the "required evidence" test to determine "whether each provision requires proof of a fact which the other does not." (Citation and punctuation omitted.) *Drinkard*, 281 Ga. at 215. Because the offense of aggravated battery in Count 1 requires proof of an additional fact — bodily harm by serious disfigurement of the victim's body — which the offense of aggravated assault in Count 3 does not, there was no merger despite the fact that the offenses stemmed from a single act. Id.; *Works v. State*, 301 Ga. App. 108, 114 (686 SE2d 863) (2009).

3. The trial court did not abuse its discretion by permitting the State to reopen the evidence after resting its case for the purpose of introducing additional testimony to establish the applicability of sentencing provisions in OCGA § 16-5-21 (j) with respect to Count 6. *Leach v. State*, 143 Ga. App. 598, 600-601 (239 SE2d 177) (1977).

*Judgment affirmed. Phipps, P. J., and McFadden, J., concur.*

DECIDED APRIL 19, 2011.

*Marc A. Pilgrim*, for appellant.
*Tracy Graham-Lawson, District Attorney, Billy J. Dixon, Michael D. Thurston, Assistant District Attorneys*, for appellee.